JOHN W. MacMILLER AND FLORENCE S. HARKNESS, EXECUTORS OF THE ESTATE OF HARRY S. HARKNESS, DECEASED, PROSECUTORS, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued June 8, 1921—Decided November 3, 1921.

In computing the amount of inheritance tax due the State of New Jersey on the estate of a non-resident decedent, the tax imposed on New Jersey property is to bear the same ratio to the entire tax which the estate would have been subject to under the act if the non-resident decedent had been a resident of this state, as such property located in this state bears to the entire estate, wherever situated, and for the purpose of computing such ratio the term "entire estate" means net estate after deducting all debts, and "property located in this state" means such property after deducting all debts secured thereby.

On *certiorari*.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the prosecutors, *Treacy & Milton*.

For the respondent, *Thomas F. McCran*, attorney-general.

The opinion of the court was delivered by

SWAYZE, J.  Harry S. Harkness, formerly a resident of the State of New York, owned at the time of his death, among other property, stock in several New Jersey corporations. These with stocks of other states were pledged as security for certain loans, stocks of both classes mingled together for each loan. They passed under Harkness' will to his widow. The total amount of his personal estate wherever situate was appraised at $15,111,105.40. The total amount of debts other than mortgages on real estate was $5,322,758.72. The net personal estate was $9,788,346.68. The debts which were secured in part by the New Jersey stocks amounted to $3,958,-

835.93. As the collateral for each loan was mingled together, there was nothing to mark any particular stock as security rather than another, and nothing therefore to show that New Jersey stocks should be first appropriated to satisfy the debts nor that their use should be postponed to that of the foreign stocks  In marshaling assets all the collateral, as far as the contract of pledge was concerned, might be brought into hotch potch. This in fact is what the comptroller did. He ascertained the total value of security pledged for each debt; deducted the amount of the debt from the value of the securities pledged to secure it, and then ascertained the percentage of this equity to the value of the securities pledged. By multiplying the value of the New Jersey securities by this percentage he ascertained the equity in the New Jersey securities. Each stock was thus charged with its proportionate share of the burden of the debt. The result was an equity in the New Jersey stocks of $2,216,583. We think this is a proper way to ascertain the value of the New Jersey property.

Having thus ascertained the amount taxable, he had to ascertain the rate of taxation. The rule is prescribed by the statute. *Comp. Slat., p.* 5307, *pl.* 548. The tax imposed on New Jersey property is to bear the same ratio to the entire tax which the estate of the decedent would have been subject to under the act if the non-resident decedent had been a resident of this state, as such property located in this state bears to the entire estate of such non-resident wherever situated. Pursuant to the statute the comptroller ascertained that the tax on the entire estate if all had been in New Jersey would have been $290,810.97. This result was reached by taking $9,812,032.42 as the entire estate and deducting debts not secured by collateral and other deductible items, amounting in all to $1,351,248.40. After this deduction the entire estate was $9,812,032.42. If this deduction had not been made the valuation would have exceeded the true value of the entire estate; the proportion of the equity in the New Jersey assets to the whole would have been diminished, and when the figures came to be applied as the controlling factor in fixing the amount of tax, that tax would have been less than if the net

value of the New Jersey assets and the net value of the entire estate had been used to ascertain the ratio. The statute directs that the "entire estate" shall be one member of the proportion, and the "property located in this state" shall be another. In both members of the proportion, the intent must be the same; either "entire estate" means net estate after deducting all debts; and "property located in this state" means such property after deducting all debts secured thereby, or no debts should be deducted from either side of the proportion. We think the former alternative was meant. What is taxed is the transfer; the tax is measured by the value of the transfer. A transfer burdened by the lien of a pledge is not as valuable as a transfer not so burdened. So, the value of the entire estate is less by the amount of the debts and no distinction is made by the statute between debts secured by collateral and debts not so secured. In fact, in the hands of an executor or administrator, all debts are secured. The whole estate is in effect pledged for their payment. In making the valuation, the legal situs of the stock cuts no figure; the value is the same wherever located, and the ratio is merely arithmetical and can be ascertained, whether or not the assets which make up the valuation are subject to our jurisdiction or not. *Maine* v. *Grand Trunk Railway Co.,* 142 *U. S.* 217; *Galveston, Harrisburg and San Antonio Railway Co.* v. *Texas,* 210 *Id.* 217; *Flint* v. *Stone-Tracy Co.,* 220 *Id.* 107, 165; *Baltic Mining Co.* v. *Massachusetts,* 231 *Id.* 68, 83. It is manifestly fair to deduct the debts in ascertaining the value of the New Jersey stock to be taxed. It is equally fair as well as necessary under the statute to deduct the debts in ascertaining the other member of the proportion prescribed by the statute as an element in fixing the ratio which determines the tax. The language used, and the method prescribed for determining the ratio, require the comptroller's construction. The underlying principles are the same as in *Roebling* v. *Bugbee,* 111 *Atl. Rep.* 29. This tax was determined before the decision of that case and no deduction was made for the federal inheritance tax. In this respect a correction is necessary. The facts are not

before us and cannot at present be dealt with. The prosecutor is entitled to have the present tax to the extent indicated set aside.