## 11924

### SIMMONS, *ET AL.* v. SOUTH CAROLINA TAX COMMISSION

#### (132 S. E., 37)

1. TAXATION.—Inheritance Tax Act (32 St. at Large, p. 800) imposes tax on what beneficiaries of estate may receive, and is not tax on transfer of estate.

2. TAXATION.—Federal inheritance tax should be deducted before assessing tax against legatees and devisees under Inheritance Tax Act (32 St. at Large, p. 800).

3. TAXATION—DEVISE OF FEE, CONDITIONAL ON EVENT OF ISSUE, OR DEFEASIBLE BY FAILURE OF ISSUE, IS NOT TAXABLE AT RATE PROVIDED FOR INTEREST LESS THAN ESTATE IN FEE, WITH REMAINDER TO OTHERS (INHERITANCE TAX ACT [32 ST. AT LARGE, P. 800] §§ 1, 2).—Specific devise, conditioned that, in default of issue of devisee, the devise shall revert and become part of residuary estate, devised to testator's children with certain limitations contingent on death of any one leaving issue and on death of any one not leaving issue, *held* taxable, not under Section 2 of Inheritance Tax Act as estate less than fee, with remainder to others, but under Section 1.

Appeal from the South Carolina Tax Commission. Appeal sustained and matter referred back to Tax Commission with directions.

Proceeding to assess inheritance tax by the South Carolina Tax Commission against the legatees and devisees of Benjamin I. Simmons, deceased. From the assessment, Mereb E. Simmons and another, as executrices, and Glover L. Simmons and another, as executors of the estate of Benjamin I. Simmons, deceased, appeal.

*Messrs. Hagood, River & Young,* for appellants, cite: *Federal Estate Tax attaches before distribution:* U. S.

NOTE:—Deduction of Federal estate tax before computing State tax, see notes in 7 A. L. R., 714; 16 A. L. R., 702; 23 A. L. R., 849; 31 A. L. R., 992.

Comp. Stat. 1918, Secs. 6336½b, 6336½c and 6336½j; 256 U. S., 347; 68 L. Ed., 338; 68 L. Ed., 314; 291 F., 761; 261 Pa., 531; 104 A., 765; 103 A., 647; 257 Pa., 155; 101 A., 316; 37 R. I., 107; 91 A., 30; 75 N. H., 13; 70 A., 916; 139 A. S. R., 664; 20 Ann. Cas. 1335; 136 N. E., 163; 131 N. E., 321; 16 A. L. R., 689; 125 N. E., 200; 124 N. E., 662; 7 A. L. R., 709; 120 N. E., 287; 199 P., 615; 16 A. L. R., 675; 195 P., 413; 16 A. L. R., 694; 139 Minn., 210; 166 N. W., 125; 244 S. W., 781. *South Carolina Inheritance Tax is tax on beneficial interest:* 32 S. C. Stat., 800. *Federal tax to be deducted before State tax computed:* 152 N. Y., 93; 46 N. E., 316; 7 A. L. R., 714, note; Gleason & Otis on Inheritance Taxation, 3rd Ed., 376. *Rules of construction of inheritance tax statutes:* 121 S. E., 478; 295 F., 708; Ann. Cas. 1917-B, 120; 66 L. Ed., 464. *Administration expenses to be deducted before tax assessed:* 3 Brev., 511; Gleason & Otis on Inheritance Taxation, 372. *Salary of bookkeeper proper administrative expense:* 82 S. C., 114. *Commissions allowed administrator cover his care and trouble only:* Civ. Code, 1922, Sec. 5430. *Tax Commission bound by tax statutes:* 68 L. Ed., 51; 121 S. E., 481; 66 L. Ed., 464; 222 Mass., 291; 110 N. E., 299; Ann. Cas. 1917-B, 120. *What transfers taxed by State statute:* 32 S. C. Stat., 800. *Multiple taxation on succession to same property not favored:* 121 S. E., 481; 26 R. C. L., 217. *Legislature presumed to use technical legal words in technical sense:* 222 U. S., 160; 68 L. Ed., 51; 295 F., 708; 92 Conn., 99; 101 A., 834; Ann. Cas. 1918-E, 934. *No remainder after a fee:* 102 S. C., 180; 2 Strob. Eq., 37; 2 Hill Eq., 244. *Fee may be limited after a fee by executory devise:* 102 S. C.; 183; 46 S. C., 267. *Legal effect of provisions of will must prevail:* 54 A., 380. *Words in will having technical legal meaning:* 104 S. C., 445; 101 S. C., 197; 101 S. C., 195; 6 Rich. Eq., 36; 1 Rich. Eq., 400. *Fee conditional is fee simple:* 102 S. C., 18. *Gift of land by devise deemed in fee unless inconsistent*

*with will:* 124 S. C., 451; 109 S. C., 232; 104 S. C., 444; 102 S. C., 178; 83 S. C., 270; Civ. Code. 1922, Sec. 5343. *First taker presumed primary object of testator's bounty:* 119 S. E., 51; 118 S. C., 510; 115 S. C., 145; 113 S. C., 227; 109 S. C., 477. *"Upon her death" construed:* 3 A., 14. *Death of first takers, referred to in will, means death in lifetime of testator:* 116 S. C., 127; 7 Rich. Eq., 105; 1 DeS., 139; 1 McC. Eq., 60; 86 F., 724; 17 A. & E. Enc. Law, 2nd Ed., 573. *"Issue" equivalent to "heirs of the body":* 105 S. C., 7; 89 S. C., 21. *"Issue" is word of limitation:* 102 S. C., 7; 99 S. C., 309; 90 S. C., 12; 83 S. C., 265; 41 S. C., 212; 1 McC. Eq., 60; 17 A. & E. Enc. Law, 2nd Ed., 548. *First takers without children at testator's death take fee conditional:* McM. Eq., 345. *Examples of fee conditional estates:* 120 S. E., 838; 123 S. C., 127; 102 S. C., 7; 76 S. C., 484; 48 S. C., 440; 46 S. C., 262. *Residuary devisees take as tenants in common:* 2 Bail., 250; Civ. Code 1922, Sec. 5343. *Provision that "issue" of deceased persons shall represent their parents is alternative provision:* 79 S. C., 554. *"Heirs", "heirs of the body" and "issue" appearing in a will construed:* 89 S. C., 214.

*Mr. J. Fraser Lyon,* for respondent, cites : *Federal Estate Tax not deductible before determining beneficial interest:* 179 App. Div., 497; 222 N. Y., 540; 178 App. Div., 836; 166 N. Y. S., 168; 112 Misc., 168; 182 N. Y. S., 535; 113 A., 569; 175 N. W., 40; 169 Wis., 432; 169 Wis., 316. *Contrary decisions:* Gleason & Otis on Inheritance Taxation, 3rd Ed., 376. *Salary of bookkeeper not proper administrative expense:* Cheves Eq., 129; 2 McC. Eq., 207; McC. Chancery, 5.

March 1, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an inheritance tax assessment by the South Carolina Tax Commission against the legatees

and devisees of the late Benjamin I. Simmons, who died in September, 1922, testate.

The questions involved are: (1) Should a deduction of the amount paid to the Government of the United States as a Federal estate tax be allowed? (2) Should a deduction of the amount paid by the executors for the salary of a book-keeper be allowed? (3) Should the tax levied be 2 per cent. under Section 2, or 1 per cent. under Section 1?

The Tax Commission resolved all three of these questions against the interest of the legatees and devisees, and the appeal questions that action.

As to the first question, whether the estate is entitled to a deduction of the amount of the Federal estate tax: This question is to be resolved by the answer to the further question whether the South Carolina inheritance tax is to be laid upon the transmission of the estate (by will or under the Statute of Distributions), or upon the right of the beneficiaries to receive under the will or the intestate laws. If the former, the Federal tax is not to be deducted; if the latter, it is.

The point is thus illustrated: In *People v. Bemis,* 189 P., 32; 68 Col., 48, it was held that the State inheritance tax was a tax "on the privilege of receiving the legacy or inheritance, and not on the right to transmit by will or by intestate laws"; and that accordingly the Federal tax must first be deducted, for the reason as stated by Gleason and Otis, "Inheritance Taxation":

"The reasoning is that the Federal tax is upon the whole estate as an excise tax on the right to transfer from the dead hand to the living; while the State statutes are imposed upon the right to receive by the living from the dead. The beneficiary cannot receive what he does not get, save by legal fiction."

The Court says:

"This Court is committed to the doctrine that the right

to transmit  *  *  *  is one thing, and the right to receive a legacy or inheritance is another."

Naturally, holding that it was the latter, the result was inevitable that the Federal tax must be deducted.

In the case of *Frick v. Pennsylvania,* 45 S. Ct., 603; 268 U. S., 473; 69 L. Ed., 1058, the question was whether in levying the State inheritance tax the estate was entitled to credit for the amount of the Federal tax which had been paid. The Court said:

"While the Federal tax is called an estate tax, and the State tax is called a transfer tax, both are imposed as excises on the transfer of property from a decedent, and both take effect at the instant of transfer. Thus both are laid on the same subject, and either has priority in time over the other.  *  *  *  The power of taxation granted to the United States does not curtail or interfere with the taxing power of the several States. This power in the two governments is generally so far concurrent as to render it admissible for both, each under its own laws and for its own purposes, to tax the same subject at the same time."

It is worthy of notice that in the Pennsylvania statute it was expressly provided that there should be no deduction on account of the Federal tax.

From this it is perfectly clear that, if the South Carolina State tax may be construed as a tax upon the transfer of the estate, the Federal tax is not deductible, but that, if a tax upon what the devisee or legatee or distributee is to receive, it must be deducted.

In New York (which will be seen from the case of *U. S. v. Perkins,* 16 S. Ct., 1073; 163 U. S., 625; 41 L. Ed., 287), the statute specifically provided for the tax upon the right of transfer, and it is universally held in Courts of that State that the Federal tax is not deductible.

In the case of *Miller's Estate,* 195 P., 413; 184 Cal., 674, 683; 16 A. L. R., 694, the Court said:

"The solution is found in the different natures of the two taxes, the California tax and the Federal tax. The California tax is a succession tax, a tax on the beneficial interest of each beneficiary or heir. If there be more than one beneficiary or heir, there is a separate tax on the interest of each, computed on its net clear value, and chargeable against it. * * * The Federal tax, under the Act of 1916, on the other hand, is not a succession tax, but an estate tax, not a tax on what comes to the beneficiaries or heirs, but upon what is left by the decedent. * * * The State tax, then, being a succession tax, a tax upon what the transferee receives, and the Federal tax being an estate tax, a tax upon what the decedent leaves, there would seem to be no escape from the conclusion that the Federal tax must be deducted in order to determine the amount upon which the State tax should be levied."

To the same effect are: *In re Knight's Estates,* 104 A., 765; 261 Pa., 537. *People v. Northern Trust Co.,* 124 N. E., 662; 289 Ill., 475; 7 A. L. R., 709. *People v. Pasfield,* 120 N. E., 286; 284 Ill., 450. *State v. First Calumet Trust & Savings Bank,* 125 N. E., 200; 71 Ind. App., 467. *Hooper v. Bradford,* 59 N. E., 678; 178 Mass., 95. *Mc-Miller v. Bugbee,* 115 A., 341; 96 N. J. Law, 324. *Tax Commission v. Lamprecht,* 140 N. E., 333; 107 Ohio, 535; 31 A. L. R., 985. *Old Colony v. Burrell,* 131 N. E., 321; 238 Mass., 544; 16 A. L. R., 689. *In re Inman's Estate,* 199 P., 615; 101 Or., 182; 16 A. L. R., 675. *In re Young's Estate* (Wyo.), 239 P., 286. *Jones v. Bowman,* 234 Pa., 953; 118 Kan., 343. *In re Perkins' Estate* (Or.), 236 P., 1064. *In re Sandford's Estate,* 175 N. W., 506; 188 Iowa, 833.

In the case of *In re Weeks' Estate,* 172 N. W., 733; 169 Wis., 316, the Federal tax was held not deductible upon the specific ground that the State tax was "a tax imposed upon the transaction, the transaction being the passing of property

from the dead to the living"; in other words, a tax upon the transfer.

That the statute of this State (Act Feb. 23, 1922 [32 St. at Large, p. 800]), is subject to the construction that it is a tax upon what the beneficiaries of the estate may receive appears beyond controversy, and comes within the principle upon which the foregoing decisions have been made. It is true that the opening words of the first section are: "A tax shall be and is hereby imposed upon the transfer of any property"; yet the title of the Act refers to "a tax on gifts, inheritances, devises, bequests and legacies," and the body of the Act contains specific directions as to the levy and collection of such a tax.

Our conclusion, therefore, is that the Tax Commission should have deducted the Federal estate tax before assessing the tax under the State law.

As to the second question whether the estate is entitled to deduction for the amount paid the bookkeeper as salary: Counsel for the Tax Commission conceded the deductibility of this item at the hearing of this appeal. As to the third question, whether the tax levied should be 2 per cent. under Section 2 or 1 per cent. under Section 1: In view of the fact that the parties interested are not before the Court, it is not considered proper that the Court express a definite opinion as to the construction of the will.

The devises are in this form:

"To A. and unto her issue upon her death, but in default of such issue, upon her death the same shall revert and fall into and become part of my residuary estate hereinafter mentioned and disposed of."

The item of the will disposing of the residuary estate devises it to seven children named of the testator, with certain limitations contingent upon the death of any one leaving issue and upon the death of any one leaving no issue.

Counsel for the devisees contend that the estate is a fee conditional or a fee defeasible, an executory limitation

over. Counsel for the Tax Commission state in their printed argument:

"The Tax Commission does not contend that the interest taken by the various named beneficiaries are life estates, nor is it contended that the residuum which may go to some unidentified person is technically a remainder."

If this be true, the estate is not, in the language of Sec. 2 of the Inheritance Act, an "interest in property less than estate in fee, * * * with remainder to others," the condition under which the Commission was authorized to levy the tax provided for in Section 2. The tax should have been levied under Section 1.

The judgment of this Court is that the appeal be sustained, and that the matter be referred back to the Tax Commission for readjustment in conformity herewith.

MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.