14912

BARKLEY v. SOUTH CAROLINA TAX COMMISSION

(3 S. E. (2d), 809)

April, 1939.

*Messrs. Mitchell & Horlbeck,* for appellant,

*Messrs. John M. Daniel, Attorney General,* and *Claude K. Wingate,* for respondent, 

July 10, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This appeal, taken pursuant to the provisions of Section 2493 of the Code of 1932, is from an assessment by the South Carolina Tax Commission of an inheritance tax in respect to the estate of one Matthew B. Barkley, deceased.

The facts are not in dispute. Barkley, a resident of the City of Charleston, died on April 7, 1938, leaving of force his last will and testament. By this instrument, dated August 5, 1903, he gave to his wife, Mary Elizabeth Barkley, all of his property and named her as the sole executrix. She duly qualified as such on April 11, 1938, at the time the will was admitted to probate. Appraisers appointed by the Probate Court of Charleston County valued the assets of the estate at $166,964.01. The Commission, however, reappraised an item consisting of 1,252 shares of · common stock of the Cameron & Barkley Company, a South Carolina corporation, the effect of which was to raise the valuation of the total gross estate for the purpose of the inheritance tax to $192,004.01.

Mrs. Barkley, the executrix, duly filed with the Tax Commission the affidavit required in the matter, which showed the total of debts and expenses claimed as deductions from the gross estate to be $159,846.87, all of which were allowed in full by the Commission except the Federal estate tax, the estimated amount of which was $25,670.83. As to that, the Commission took the position, as appears from

certain correspondence contained in the record, that it would allow as a reduction only so much of the Federal estate tax as was computed on property subject to an inheritance tax to the State of South Carolina, and that the Federal estate tax on any property not so taxable by the Commission would not be an allowable deduction.

The controversy arose by reason of the fact that at the time of his death there were policies of life insurance in force upon the life of Barkley, the testator, payable to certain named beneficiaries, his wife and three children, in the aggregate sum of $312,799.42. This insurance was not payable to the testator's estate, did not constitute an asset thereof, and is not subject to the payment of any inheritance tax thereon to the State of South Carolina. It is taxable, however, by the Federal Government to the extent that it exceeds $40,000.00, except as to so much thereof as was purchased with premiums paid by the beneficiaries. 26 U. S. C. A., § 411(g) ; *Lang v. Commissioner of Internal Revenue,* 304 U. S., 264, 58 S. Ct., 880, 82 L. Ed., 1331, 118 A. L. R., 319.

The contention of the appellant was that the Federal estate tax on the proceeds of the life insurance was a proper deduction, and that the correct amount of the inheritance tax to be paid by her was the sum of $243.14. The Commission, however, under its view of the matter, fixed the amount of such tax at $819.45. It arrived at that figure by assessing the tax on the net estate shown, less the specific exemption of $10,000.00 provided for under Section 2480 (e) of the Code of 1932, and excluding the amount of the Federal tax on the life insurance proceeds.

By her exceptions the appellant challenges the correctness of the holding of the Tax Commission and charges it with error in refusing to allow the deduction as claimed. Her counsel earnestly argue that this case is controlled by the principles announced in *Simmons v. Tax Commission,* 134 S. C., 261, 132 S. E., 37, and *Beidler v. South Carolina Tax*

*Commission,* 162 S. C., 447, 160 S. E., 264. On the contrary, counsel for the respondent say that this precise question has not heretofore been before this Court; and that neither of the cases relied on by the appellant, when analyzed in the light of the record for appeal in each of them, is in any way controlling of the question here presented.

It appears from an examination of the record for appeal in the *Simmons case* that the estate there involved was one of a resident decedent of South Carolina, the situs of the entire property being within the State and subject to the South Carolina inheritance tax. The amount of the Federal estate tax paid was $1,215.63, which item the Tax Commission disallowed as a deduction in computing and assessing the State inheritance tax. One of the questions squarely presented by the appeal from the decision of the Commission was: "Should a deduction of the amount paid to the Government of the United States as a Federal estate tax be allowed?" With the facts before it as stated, the Court, under the authorities cited in its opinion, answered the question in the affirmative. The estate in the *Beidler case* was a very large one, amounting to more than $2,000,000.00 within the State of South Carolina and approximately $1,000,000.00 without. In computing and assessing the State inheritance tax to be paid, the Tax Commission refused to allow as a deduction the Federal estate tax for the reason, as stated by it, that the estate was one of a non-resident decedent of South Carolina, relying upon the case of *Merchants' National Bank v. South Carolina Tax Commission,* 133 S. C., 406, 131 S. E., 142. On appeal to this Court, counsel for the appellants, the executors of the Beidler estate, stated their contention as to what was properly allowable as a deduction in the matter of the Federal estate tax as follows: "It is our claim that the amount of this tax (properly calculated), which arises out of so much of the South Carolina property as this Court finally decides is taxable herein, should be allowed as a deduction."

With the question thus presented, the Court, citing the *Simmons case* as controlling, held that the Federal estate tax was an allowable deduction as claimed. We think that the language of the Court in these two cases, under the facts there appearing, may fairly be construed to mean Federal estate taxes actually paid on account of the transfer of property subject to the jurisdiction of the State and to the South Carolina inheritance tax.

The question in the case at bar, as already pointed out, is whether the Tax Commission erred in refusing to allow as a reduction the Federal estate tax on the proceeds of the life insurance for the reason, as stated by the Commission, that the insurance was not subject to the State inheritance tax. It is seen, therefore, while the two decisions relied on by the appellant are authority for what they hold, they are not decisive of the issue here made, and are helpful to the Court only in a general way in its consideration of the precise question presented.

Counsel for the appellant urge, however, that the holding of the Tax Commission is in conflict with the principles stated and with the reasoning of the Court in the two cases named. They argue that Mrs. Barkley, as the sole beneficiary of the estate, will be prevented from receiving the amount of the estate upon which she pays a South Carolina inheritance tax because a part of it had been carved out at the source to pay the Federal estate tax on the life insurance which was made payable to her and her children. This contention is without substantial merit. It appears that any tax which Mrs. Barkley, as executrix and as sole beneficiary of the estate, was required to pay to the Federal Government on account of the transfer of the life insurance, may be recovered by her from the beneficiaries taking the life insurance under the terms of the policy. See Regulations 80, 1937 edition, Estate Tax, page 177; *Chase National Bank of New York v. United States,* 278 U. S., 327, 49 S. Ct., 126, 73 L. Ed., 405, 63 A. L. R., 388. It is

also argued that the effect of the decision of the Commission is to levy an inheritance tax on the gross estate left by the testator rather than upon the net estate passing to the beneficiaries under the terms of the will. In the light of what we have just said, this contention does not appear to be sound.

In the *Beidler case* counsel for the appellants claimed that it would be but fair and just, as the Tax Commission had refused to figure the State inheritance tax upon a lesser valuation than $204.00 per share of the Santee River Cypress Lumber Company, while the Federal Government had collected the estate tax upon a lesser valuation, that the same figure should apply in computing the State inheritance tax as the one used in determining the Federal estate tax. In direct answer to this question, the Court held that the commission should make adjustment of the Federal estate tax upon the basis of what the Federal Government actually charged and collected, and not necessarily upon the stock valuation of $204.00 per share as contended by the appellants. In other words, the Court held, in disposing of the claim made, that the "basis should be *what was paid* and not upon any other basis." Counsel for the appellant in the case at bar point to this holding of the Court as supporting their contention, saying that "the same principle and reasoning must apply to the present case where the only difference is that the State valuation is less instead of greater than the Federal." It does not appear, however, that the holding in the *Beidler case* has any application, as, under the facts of the case before us, there is no question as to the valuation of the assets of the estate. Here the same property is not involved, the life insurance, as we have said, not being a part of the estate, and was not appraised or returned to the tax Commission. Hence, the Court in the *Beidler case* (162 S. C., 447, 160 S. E., 273), in declaring "when it comes to making the deduction of the federal taxes, then *what was actually paid* must be the measure of the credit and deduc-

tion," had in mind the facts of that particular case and the claims of the appellants in regard to the specific question that it was then considering.

All of the contentions of Mrs. Barkley, which counsel have presented in a persuasive argument, have been considered with painstaking care. The Court is convinced, however, from its study of the question involved, that the Commission, in computing the State inheritance tax, properly refused to allow the deduction claimed by the appellant, and that such tax was correctly assessed and collected. This holding in no way conflicts, as counsel would seem to believe, with the principles announced in the *Simmons* and *Beidler cases*. It will result, however, as we think, in a fair and equitable administration of the law.

The action, therefore, of the South Carolina Tax Commission is affirmed and the appeal dismissed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.

MR. JUSTICE CARTER did not participate on account of illness.