**GATCH, Estate of, In Re.**

Probate Court, Hamilton County.

No. 150791.   Decided November 29, 1948.

Gatch, Kleinmann, Roberts & Kuhn, Cincinnati, for applicant John N. Gatch, executor of Loren G. Gatch.

Parker L. Snyder, Columbus, for Department of Taxation.

## OPINION

By DAVIES, J.

This matter came before the Court on the application of John N. Gatch, executor and trustee under the will of Loren G. Gatch, deceased, for a redetermination of the inheritance tax and a refund of an alleged overpayment of tax paid by the said personal representative.

By stipulation it is agreed that Loren G. Gatch died a resident of Hamilton County, Ohio, on December 16, 1942. In the process of settlement of the estate of said decedent, an application for determination of the Ohio inheritance tax was made, and said tax was determined as $3106.07, which amount less a credit of 4% for early payment was thereafter paid. The total gross estate for Ohio inheritance tax purposes amounted to $143,943.72. The debts (less that portion of the widow's allowance in excess of $3000 not deductible for Ohio inheritance tax purposes) amounted to $23,963.43, leaving a net amount of $119,980.29 subject to Ohio inheritance tax, excepting, however, that no deduction for federal estate tax was made at the time of such determination.

Thereafter, the executor filed with the United States Collector of Internal Revenue a federal estate tax return, and after adjustment, paid a total federal estate tax amounting

to $32,933.67. Included in the estate reported for federal estate tax was the amount of $67,604.70, proceeds of life insurance. Item I of the Will of said decedent reads as follows:

"I direct that all my just debts and funeral expenses be first paid out of my estate, and I further direct that all taxes, both State and Federal shall be a charge against the principal of my estate and shall be paid therefrom and shall not be charged against the interest of any distributee."

The executor has filed an application for redetermination and refund of Ohio inheritance tax calculated after a deduction of federal estate tax as a debt of the estate.

Sec. 5339 GC, as amended by the Legislature in 1923, provides that

"If any debts shall be proven against the general estate after the determination of inheritance tax has been made, an application for modification of such order of determination may be filed. Of this application and of the hearing thereof the tax commission shall have notice. If the court finds that the tax has not been paid and that the adjudication as made should be amended, it shall so order and shall furnish the commission with a copy of the entry of determination as amended. But if the tax as assessed has been paid the court shall make an order of refunder of such a part of the amount paid as is in excess of what should have been assessed. It shall further find the successors who are entitled to share in such refunder and the particular township or municipality against which such refunder is chargeable."

While the Tax Commission concedes that a refund of a portion of the Ohio inheritance tax paid in this estate is due, the amount of the refund and the method of computing the amount are in dispute. The Tax Commission concedes that at least some portion of the federal estate tax paid be now allowed as a debt of the estate in redetermining the tax, since no deduction was taken for federal estate tax in the original determination of tax.

The taxable amount of the estate for federal estate tax purposes exceeds the taxable amount for Ohio inheritance tax purposes by $67,604.70, the amount of certain insurance policies, as above stated, for the benefit of named beneficiaries of the decedent. The Tax Commission accordingly argues that any of the amount of the federal estate tax assessed against

the insurance policies should not be allowed as a debt of the estate taxable in Ohio, since no tax in Ohio is chargeable against the insurance policies. The Tax Commission has taken the position that the amount of the insurance policies is to be treated as an addition to the net taxable estate in Ohio, and accordingly should be treated as being entirely in the top rate bracket for federal estate tax purposes. In computing the amount of the federal estate tax to be allowed as a debt of the estate, for redetermining the Ohio Inheritance tax, the Tax Commission has set up a ratio of .2745, which ratio is that of the federal estate tax, $32,933.67, to the net taxable estate in Ohio ($119,980.29). This ratio applied to the amount of the federal estate tax results in an allowable deduction for federal estate tax purposes of $9,040.29. The recomputation of the Ohio inheritance tax on the above basis results in a refund of $307.64.

The attorneys for the estate claim that the full amount of the federal estate tax paid ($32,933.67) should be allowed as a debt of the estate in redetermining the inheritance tax.

If the full amount of the federal estate tax paid is allowed as a debt of the estate, the redetermination of the inheritance tax on that basis results in a refund of $1,075.58.

The Tax Commission has also advanced the claim that the amount of the federal estate tax chargeable against the insurance policies might properly be collected from the beneficiaries under the policies. It is further claimed that if the beneficiaries are responsible for the payment of the tax, the amount of the federal estate tax assessed against the insurance policies (figuring the amount of the policies as if in the highest federal estate tax rate bracket) should not be allowed as a debt of the estate.

In the alternative, the executor claims that if the full amount of the federal estate tax is not allowable as a debt of the estate, a refund of $741.96 should be made, that figure being computed by allowing $22,002.99 of the federal estate tax as a debt of the estate. (The ratio of the life insurance to the net federal estate is .3318 which percentage of the federal estate tax, if paid by the life insurance beneficiaries, would reduce the amount of tax paid out of the principal of the estate to $22,002.99.)

It now becomes the duty of this Court to determine what "debts" can be proven against the general estate, after the determination of an inheritance tax has been made, to enable a Court, under the provisions of §5339 GC, to modify a previous order of determination.

After providing that an inheritance tax shall be levied upon successions of property passing to or for the use of a

person, institution or corporation in enumerated cases, the Legislature, in §5332 GC, provided that

"Such tax shall be upon the excess of the actual market value of such property over and above the exemptions made and at the rates prescribed in this subdivision of this chapter."

In §5332-1 GC, it is provided:

"The value of any property set off and allowed to a widow and children under the provisions of §10656 GC in excess of three thousand dollars, shall be deemed a succession taxable under the provisions of this subdivision of this chapter. The widow, if any, shall be deemed the successor of such entire succession; but if there be no widow, each child shall be deemed a successor of his share thereof."

Sec. 5334 GC, after stipulating that successions to property passing to or for the use of the State of Ohio and other political subdivisions thereof for exclusively public purposes, or public institutions of learning or any public hospital not for profit, within this state, or certain institutions of learning or public hospitals not for profit within other states, and for the use of certain other institutions for designated purposes, shall not be subject to the levying of an inheritance tax, provides that

"Successions passing to other persons shall be subject to the provisions of said sections to the extent only of the value of the property transferred above the following exemptions:

"1. When the property passes to or for the use of the wife or a child of the decedent who is a minor at the death of the decedent, the exemption shall be five thousand dollars.

"2. When the property passes to or for the use of the father, mother, husband, adult child or other lineal descendant of the decedent, or an adopted child, or person recognized by the decedent as an adopted child and designated by such decedent as a legal heir under the provisions of a statute of this or any other state or country, or the lineal descendants thereof, or a lineal descendant of an adopted child, the exemption shall be three thousand five hundred dollars.

"3. When the property passes to or for the use of a brother, or sister, niece, nephew, the wife or widow of a son, the husband of a daughter of the decedent, or to any child to

whom the decedent, for not less than ten years prior to the succession stood in the mutually acknowledged relation of a parent, the exemption shall be five hundred dollars."

Sec. 5335 GC, establishes the rates at which such inheritance tax shall be levied upon successions passing to persons mentioned in §5334 GC, which tax is based upon the value of the property transferred "as shall be in excess of the exemptions therein provided."

Sec. 5339 GC, quoted above, provides for the modification of an order of determination when debts have been proven against the general estate after the determination of inheritance tax has been made.

1. It is evident from the foregoing statutory provisions that the Ohio inheritance tax is a tax upon the right of a person to receive property from the estate of a decedent, because the tax is upon the "succession," which is defined as the "passing of property."

2. In determining what is the "excess of the actual market value" of property "over and above the exemptions made" in the chapter dealing with inheritance taxes, Probate Courts, after deducting the value of property not exceeding $3,000 set off and allowed to a widow and children (under the provisions of §§5332-1 and 10509-74 GC) and after deducting property exempt from administration (under the provisions of §10509-54 GC), by well established custom have allowed personal representatives to deduct as "exemptions" the cost of administration, including fiduciary and attorneys' fees, funeral bills, expenses of last illness, and debts contracted by decedents during their lifetimes.

In the case of **Tax Commission of Ohio ex rel. Price, Atty. Gen., et al. v. Lamprecht, Adm'r, 107 Oh St 535, 140 N. E. 333, 31 A. L. R. 985,** the Supreme Court of Ohio had before it for determination the question of whether the federal estate tax, provided by the Act of Congress in 1918, 40 Stat. 1096, and paid by the administrator of a decedent in Ohio, should be deducted from the decedent's gross estate before the amount of the successions under the Ohio inheritance tax is determined, and held that

"The Ohio state inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate, and in determining the value of the succession of any such beneficiary the amount of the federal estate tax should first be deducted, like other debts and expenses of administration."

The Lamprecht case was decided under legislation passed in 1919, when §5339 GC, provided that

"If any debts shall be proven against the general estate of a decedent after the payment of any legacy or distributive share thereof, from which any such tax has been deducted or upon which it has been paid by the person entitled to such legacy or distributive share, and such person is required by order of the probate court having jurisdiction, on notice of the tax commission of Ohio, to refund the amount of such debts, or any part thereof, an equitable proportion of the tax shall be repaid to him by the executor, administrator or trustee, if the tax has not been paid to the county treasurer; or if such tax has been paid to the county treasurer, he shall, on the warrant of the county auditor, refund out of the funds in his hands or custody to the credit of inheritance taxes, such equitable proportion of the tax, without interest, and be credited therewith in his accounts." 108 Ohio Laws, part 1, p. 567.

By carefully comparing the provisions of Section 5339, as passed in 1919, with the provisions of said section as amended in 1923, we are unable to find any indication that the Legislature, by amending said section, intended to give to the word "debts" any different meaning in the amended section than had existed previously.

When the Lamprecht case was decided, Section 401 of the Revenue Act of 1918 imposed a tax upon "the transfer of the net estate of every decedent" and also provided, under Section 402, that

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * tangible or intangible * * * (f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

By Section 406 the executor was required to pay the tax, but, if so paid, he was given by Section 408 the right to recover from the beneficiaries a part of the tax, and by Section 409 they are made personally liable for a share of it if not so paid.

It was held in the case of Chase National Bank et al. v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388, that the transfer tax assessed under the foregoing act, including an amount imposed by reason of the inclusion in an estate of the proceeds of insurance policies less exemption, was constitutional as a tax on the privilege of transferring property of a decedent at death.

No proceeds of insurance were included in the gross estate of the decedent considered in the Lamprecht case, so far as the reported facts indicate, although the federal law at the time the case was decided provided that insurance "to the extent of the amount receivable by the executor * * * under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life" was includible in the value of the gross estate of a decedent for federal estate tax purposes.

The Federal Revenue Act of 1942, approved October 21, 1942, Title IV, Part I, 26 U. S. C. A. Int. Rev. Acts, p. 329, among other things, increased specific exemptions for estate tax purposes from $40,000 to $60,000, and provided that where death occurred subsequent to October 21, 1942, the exemption of $40,000, applicable to proceeds payable to designated beneficiaries should be eliminated, that all insurance payable to the estate should be subject to tax, and that the amount receivable by all other beneficiaries as insurance purchased with premiums or other consideration paid directly or indirectly by the decedent should also be subject to the federal estate tax.

Section 408 of the Revenue Act of 1918, also in effect at the time the Lamprecht case was decided, provided as follows:

"If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate. If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio."

Subsequent to the decision in the Lamprecht case, the preceding provision of Section 408 of the Revenue Act of 1918 was amended, having become Section 826 (c) of the

Internal Revenue Code, 26 U. S. C. A. Section 826(c), to read as follows:

"Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of exemption allowed in computing the net estate, determined under section 935(c). If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio."

The term "executor," under provisions of Section 930(a) of the Internal Revenue Code, 26 U. S. C. A. Section 930(a), means the executor or the administrator of a decedent.

We must now consider in determining the value of successions to beneficiaries in the instant case if the amount of the federal estate tax, represented by a tax on insurance under the federal law, should be deducted as a debt before determining the Ohio succession tax.

The facts reported in the Lamprecht case as stated do not indicate whether or not any life insurance was included in determining the federal estate tax.

Since the federal law including life insurance as a taxable item was passed subsequent to the enactment of original §5339 GC, we must determine if the language of said statute and of the Lamprecht case is sufficiently broad to include a deduction for a federal estate tax on insurance as a "debt" proven against the general estate of an Ohio decedent. We have pointed out that the language of §5339 GC, as amended in 1923, does not assist us in determining the intention of the Legislature in solving the questions before us. In the Lamprecht case, the decedent (Julius I. Lamprecht) died October 20, 1920, leaving a widow and three children as his heirs and next of kin. In the course of the administration, a federal estate tax in the sum of $314,014.79 was assessed against the estate and paid by the administrator. The Probate Court allowed the federal state tax as a deduction from the gross estate along with other debts, costs and expenses of administration, and other similar charges. The Tax Commission appealed from that order to the Court of Common Pleas, which Court approved the deduction. Thereupon error was prosecuted to the Court of Appeals, which affirmed the lower

Courts. The Supreme Court, in a carefully worded opinion, also affirmed the lower Courts.

Judge Marshall, who wrote the opinion, pointed out that there are deficiencies, ambiguities, uncertainties and imperfections in the Ohio state inheritance tax laws and that the Legislature could at any time amend its laws and define carefully what it intended to constitute "debts" to be "proven against the general estate" for state inheritance tax purposes.

It is to be noted that, while there have been a number of sessions of the Legislature since the federal law has included life insurance as a taxable estate item, both under the original law and as amended in 1942, the Legislature has not seen fit to indicate by legislation that it intends to allow or disallow as a "debt" the whole or any part of an inheritance tax payment made to the Federal Government on account of the inclusion of life insurance for federal estate tax purposes. Until the Legislature does so decide, we must be guided by the reasoning of the Supreme Court in the Lamprecht case.

Judge Marshall pointed out, in his opinion, that the Ohio statutes do not expressly demand the deduction of the federal estate tax, neither do those statutes expressly command the inclusion of the amount of the federal tax in computing the value of the Ohio succession. He then carefully reviews all Ohio statutes dealing with inheritance tax, and Ohio and other cases bearing upon the question of what constitutes a "debt" to be proven against the general estate for the determination of a state inheritance tax, and concludes from his review that it is clear that the Ohio inheritance tax is a tax upon the right to receive property from an estate of a decedent. He points out that the word "estate," found in the tax laws, means "net estate," and that in computing the "net estate," all debts, expenses and charges payable by the administrator should be deducted from the gross estate of a decedent.

In finally deciding the matter, Judge Marshall assumed "that the Legislature intended to be just and to tax only the actual amount received by each beneficiary, respectively," and further assumed "that the Legislature did not intend to discriminate between one kind of expense of administration and another, and to discriminate between one kind of tax and another," and concluded that the Legislature intended that every kind of debt, charge, expense and claim of a valid nature against a decedent's estate should be deducted, and that the succession tax should be computed only upon the net balance in a decedent's estate.

The Court, in the Lamprecht case, in the syllabus, positively and categorically stated that "in determining the value of

the succession of" a beneficiary "the amount of the federal estate tax should first be deducted, like other debts and expenses of administration," and when the Court made this conclusion, the federal law, with which we must assume the Court was acquainted, provided that all insurance payable to the estate and also insurance in excess of $40,000 receivable by other beneficiaries was included in a decedent's gross estate for taxation purposes, so that we must find that the Supreme Court intended to say, and by indirection did say, that in determining the value of the succession of the beneficiary, the amount of the federal estate tax, including a federal tax on insurance proceeds under the law as it then existed, should first be deducted like other debts in determining the Ohio state inheritance tax. If this be true, then it follows logically, when the federal law was amended to provide that where death occurred subsequent to October 21, 1942, all insurance payable to the estate and also payable to other beneficiaries (when the insurance was purchased with premiums or other consideration paid directly or indirectly by decedent), that the amount of the federal estate tax, **which the executor is required to pay** because of the inclusion of such insurance proceeds, should also first be deducted like other debts and expenses of administration in determining the Ohio state inheritance tax on the beneficial interest of each heir, legatee, devisee or other beneficiary of a decedent's estate, and we so hold, subject to the limitation hereinafter immediately discussed.

3. We believe that when the Court in the Lamprecht case, as quoted above, held that the Legislature in passing §5339 GC, "intended that every kind of debt, charge, expense, and claim of a valid nature against decedent's estate should be deducted, and that the succession tax should be computed only upon the net balance," it employed language which clearly includes as a "debt" a federal estate tax including a tax on proceeds of insurance which an executor or administrator **is required to pay** under a federal estate tax assessment. We come to this conclusion primarily because the Revenue Act of 1918, in existence when the Lamprecht case was decided, contained provisions expressly taxing the proceeds of life insurance, and the Court in that case made no exceptions for the deduction from the amount of federal estate tax assessed because of the inclusion in an estate of the proceeds of insurance policies.

Having held, in determining the value of the succession of a beneficiary, that the amount of federal estate tax, including a portion of tax assessed and **required to be paid**

by an executor or administrator under the federal law because of the inclusion of proceeds of life insurance policies, shall first be deducted as a debt in the determination of the Ohio inheritance tax, we must now decide whether or not that part of the federal estate tax assessed because of the inclusion of the proceeds of insurance should be allowed as a debt in determining the Ohio succession tax when a "decedent directs otherwise in his will," under the provisions of Section 826(c) of the Internal Revenue Code.

The Supreme Court of South Carolina, on July 10, 1939, when life insurance proceeds in excess of $40,000 were subject to federal estate tax, except as to so much of the insurance as was purchased with premiums paid by the beneficiaries in the case of Barkley v. South Carolina Tax Commission, 191 S. C. 147, 3 S. E. 2d 809, held that

"The sole beneficiary of (an) estate was not prevented from receiving the full estate upon which state inheritance tax was assessed merely because federal estate tax paid on life insurance proceeds was not allowed to be deducted in computing the state inheritance tax, since the amount of the federal tax paid on such insurance proceeds could be recovered from the beneficiaries of the policies" under the terms of the policies.

Barkley, a resident of South Carolina, died testate on April 7, 1938, giving all his property to his wife. Policies of insurance were in effect at his death payable to his wife and children. This insurance was not taxable in South Carolina, but the proceeds in excess of $40,000, were taxable by the Federal Government.

The widow contended that if her husband's estate did not receive credit in South Carolina for the federal estate tax paid on the proceeds of insurance, she, as the sole beneficiary of the estate, would be prevented from receiving the amount of the estate upon which she would pay a South Carolina inheritance tax because a part of it would be carved out at the source to pay the federal estate tax on the life insurance. The Court held this argument to be without merit because "any tax" which she, as executrix, "was required to pay to the Federal Government on account of the transfer of the life insurance, may be recovered by her from the beneficiaries taking the life insurance under the terms of the policy."

We believe that this decision is fair and reasonable from the points of view of the beneficiaries who receive proceeds of life insurance, of legatees and distributees of decedents' estates.

and of states which levy succession taxes. We think that a beneficiary who is the recipient of proceeds of insurance should be glad, and required, to pay an inheritance tax which has been levied upon the payment of those proceeds, unless the insured, who is responsible for the creation of those proceeds, provides in some other manner for the payment of the tax. It strikes us as unreasonable and unfair that a legatee or distributee in an estate, unless the testator requires it, should be forced to pay out of an estate which does not include proceeds of insurance an inheritance tax assessed against those proceeds which are payable to a beneficiary, who, in many instances, would be a different person from the legatee or distributee. The case of Barkley v. South Carolina Tax Commission, supra, covers those instances in which the beneficiary of the life insurance proceeds and the legatee and distributee are identical persons.

4. And finally, while it can be argued with considerable merit that the state should in no instance allow as a debt, before the determination of a state succession tax, a deduction of a federal estate tax paid upon proceeds of insurance, which proceeds of insurance are not includible in the gross estate for state tax purposes, it certainly is highly unreasonable to allow an executor or administrator to take credit as a debt for a federal inheritance tax paid upon proceeds of insurance which he can collect from the beneficiaries of that insurance. We, therefore, conclude under the provisions of §5332 GC, which provides that a succession tax is levied upon the excess of the actual market value of property passing, in trust or otherwise, to or for the use of a person, institution or corporation "over and above the exemptions made and at the rates prescribed," and under the provisions of §5339 GC, which provides that "If any debts shall be proven against the general estate after the determination of inheritance tax has been made, an application for modification of such order of determination may be filed," the words "exemptions" and "debts," found respectively in the last two named sections, shall include that portion of a federal estate tax paid by an executor because of the inclusion for federal estate tax purposes of proceeds of policies of insurance, which portion of federal estate tax the executor, by the language of the insured's will, is required to pay; and the words "exemptions" and "debts" do not include a federal estate tax levied because of the inclusion of proceeds of life insurance policies, which tax an executor or administrator has the right to collect from the beneficiary or beneficiaries.

5. One question remains: Did Loren G. Gatch, in Item I of his will, in providing that "I further direct that all taxes, both State and Federal shall be a charge against the principal of my estate and shall be paid therefrom and shall not be charged against the interest of any distributee," direct "otherwise," as that term is used in Section 826(c) of the Internal Revenue Code, which would prevent his executor from recovering from beneficiaries of insurance proceeds on the life of the testator such portion of the total federal estate tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of exemption in computing the net estate determined under Section 935(c), 26 U. S. C. A. §935(c)?

If the testator did so direct, then the amount of the federal estate tax assessed against the decedent's estate because of the inclusion of the proceeds of insurance policies shall be deducted like other debts and expenses of administration in determining the value of the successions of beneficiaries under the Ohio law.

If the decedent did not so direct, then his executor cannot include such federal estate tax payment paid on account of the inclusion of said insurance proceeds as a "debt" in determining the value of successions under the Ohio law.

The Supreme Court of Missouri, in the case of Priedeman v. Jamison et al., decided June 9, 1947, reported in 356 Mo. 627, 202 S. W. 2d 900, 901, considered a case in which a testator, at the time of his death, had a policy of insurance on his life in the sum of $50,216.59, which was included, and assessed in the sum of $13,468.89, in his estate for federal estate tax purposes.

Item VI of the testator's will provided as follows:

"I direct that all inheritance, succession and estate taxes, both federal and state, which may be assessed against my estate, or against any legatee or devisee in this my Will named, shall be paid by my Executors, so that each legatee or devisee shall receive his or her legacy or devise in full, clear and free of all taxes herein described."

The Court held that this testamentary provision directing that all inheritance, succession and estate taxes assessed against the testator's estate or any legatee or devisee named in the will be paid by the executors so that **legatees** and **devisees** should receive legacies and devises in full, free of

all taxes, did not direct otherwise than that executors should be entitled to recover from a beneficiary of the testator's life insurance policy that portion of the federal estate tax set forth in Section 826(c). The Court recalled that the testator directed the payment of all of the described taxes which might be "assessed against my estate, or against any legatee or devisee in this my Will named * * *, so that each legatee or devisee" would be exonerated, and pointed out that the testator, in naming those whose gifts were to be received "in full, clear and free of all taxes herein described," did not name the beneficiary of his life insurance policy. In directing the payment of the described taxes, the Court reasoned, so that the legacy or devise of each legatee or devisee should be received in full, did not mean that the testator directed the payment of the taxes so that the proceeds of insurance should be received by the beneficiary in full, clear and free of the federal estate tax.

In the Gatch case, the testator employed language very similar to that used in the Priedeman case, except that, as was true in the Priedeman case, directing that all inheritance succession and estate taxes, both federal and state, which may be assessed against his estate, or against any legatee or devisee "shall be paid by my Executors," the testator, in the Gatch case, directed that all taxes, both state and federal, shall be a charge against the principal of his estate and shall be paid therefrom and shall not be charged against the "interest of any distributee." This means that Mr. Gatch intended that his executor should pay the described taxes so that they would be a charge against the principal of his estate and not be charged against the interest of any "distributee." Testator Gatch's intention, clearly expressed in his will, was to provide that any state inheritance tax which might be levied upon a succession to "any distributee" mentioned in his will should be charged against the principal of his estate and paid therefrom and not be charged against the interest of a distributee.

The word "distributee," as defined by Vol. 13, Words and Phrases, Perm. Ed., means those among whom the personal estate of an intestate is distributed. I Bouv. Law Dict., Rawle's Third Revision, p. 896 defines distributees as the persons who are entitled under the statute of distribution to the personal estate of one who has died intestate.

Since Mr. Gatch did not direct in his will that his executor should pay any inheritance tax which might be assessed against his estate because there were included in his estate for federal estate tax purposes proceeds of insurance

on his life payable to designated beneficiaries, his executor is entitled to recover from the beneficiaries who received those proceeds such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and to the amount of exemption allowed in computing the net estate, under the provisions of Section 826(c), and his executor is not entitled, under §5339 GC, to include as a "debt" such part of the federal estate tax paid because of the inclusion for federal estate tax purposes of the proceeds of policies of insurance upon testator's life.

Section 935(c) of the Internal Revenue Code referred to in Section 826(c) reads as follows:

"For the purposes of this section the value of the net estate shall be determined as provided in subchapter A, except that in lieu of the exemption of $100,000 provided in section 812(a), the exemption shall be $60,000."

An entry, therefore, may be presented under the provisions of §5339 GC, allowing claimant a credit as a "debt," for the purposes of determining the amount of the Ohio succession tax, an amount based upon the difference between the total amount of the federal estate tax paid and the sum which the executor can recover from the beneficiaries of life insurance policies on the testator's life, which latter sum shall be determined, under the provisions of Section 826(c) of the Internal Revenue Code, viz., that "portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of exemption allowed in computing the net estate, determined under section 935(c)" of the Internal Revenue Code.

Reference to the tax payer's federal estate tax return and computations made thereunder show that the decedent's net estate, before making any deductions for specific exemptions allowed in computing the net estate, under the federal estate tax law, amounted to $203,696.35, including the sum of $67,604.70 of life insurance proceeds. Since the proceeds of policies on decedent's life amounted to $67,604.70, the ratio of the amount of said proceeds ($67,604.70) to the net estate of $203,696.35 is .3319.

We then determine that "portion of the total tax paid" by multiplying .3319 by the total federal estate tax of $32,933.67, which amounts to $10,930.68. By deducting this latter sum ($10,930.68) from the total amount of federal tax ($32,933.67), we arrive at a difference of $22,002.99, which represents the

amount of the federal estate tax which will be allowed the tax payer as a "debt" for the purposes of determining the amount of the Ohio Succession Tax.

An entry, therefore, may be presented in accordance with the provisions of this opinion.