[Civ. No. 1285. First Appellate District.—November 19, 1913.]

In the Matter of the Estate of BETHANIA DUNBAR WILLIAMS, Deceased. DONALD WARD WILLIAMS, as Executor of the Will of Bethania Dunbar Williams, Deceased et al., Appellants, v. JOHN E. McDOUGALD, as Treasurer of the City and County of San Francisco, Respondent.

INHERITANCE TAX—DEATH OF DEVISEE SUBJECT TO TAX—COMPUTATION OF SECOND TAX.—Where a testator dies leaving his estate to a devisee who is subject to an inheritance tax, and the devisee then dies leaving an estate the residuary devisees of which are also subject to an inheritance tax, the first inheritance tax is to be deducted from the amount of the second estate, in computing the second tax.

ID.—DETERMINATION OF VALUE OF ESTATE—DEDUCTION OF LIENS AND DEBTS.—In making his appraisement of the market value of devised or inherited property an inheritance tax appraiser is to allow for and deduct from the value of such property all ripened liens, fixed charges, and proven debts outstanding against it.

ID.—TAX IMPOSED ONLY UPON SO MUCH PROPERTY AS COMES TO DISTRIBUTEE.—The inheritance tax is imposed solely upon the devisee, legatee, or heir, and upon him only as to such property as he actually takes on distribution as devisee, legatee, or heir.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the report of an inheritance tax appraiser and fixing the amount of the inheritance tax. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Percy E. Towne, for Appellants.

Hartley F. Peart, and U. S. Webb, Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from an order settling an inheritance tax, appraiser's report, and fixing the amount of the inheritance tax to be paid by the appellants as the residuary legatees and devisees of Bethania Dunbar Williams, deceased.

The facts are these: Abram P. Williams died testate in the city and county of San Francisco in October, 1911, leaving a will by which he devised his entire estate to his widow Bethania Dunbar Williams. This will was duly admitted to probate, and the widow was appointed executrix thereof, and continued to serve as such until her death in April, 1912. She also left a will, of which Donald Ward Williams, one of the appellants herein, was named and thereafter duly appointed executor; and in which will, after numerous legacies, the said Donald Ward Williams and Harry McFarland Williams were named as the residuary legatees of her estate.

An inheritance tax was duly appraised upon the estate of Abram P. Williams and fixed at the net sum of $18,475.03, chargeable against Bethania Dunbar Williams as the sole devisee of the estate, which said sum was paid by Donald Ward Williams as administrator with the will annexed of the estate of Abram P. Williams, deceased.

The residuary interests of Donald Ward Williams and Harry McFarland Williams being also subject to an inheritance tax, the appraiser, John M. Burnett, in September, 1912, proceeded to appraise and fix such tax; and in so doing declined to deduct from his appraisement of the market value of said interests of said residuary devisees the amount of the first inheritance tax—namely, the sum of $18,475.03, but, on

the contrary, fixed the amount of their inheritance tax at a sum $3,695 in excess of what it would have been if such first inheritance tax had been deducted. This report the lower court adopted, and from its order approving the same this appeal has been taken.

The sole question before the court for decision is this: Where a testator dies leaving his estate to a devisee who is subject to an inheritance tax, and he also dies leaving in turn an estate, the residuary devisees of which are also subject to an inheritance tax, is the first inheritance tax to be deducted by the appraiser from the amount of the second estate upon which such second inheritance tax is to be computed?

This question would have been a simple one if Bethania Dunbar Williams had in her lifetime paid the inheritance tax of $18,475.03 appraised against her as the sole devisee of Abram P. Williams, deceased; and it would seem to be immaterial whether she had so paid it personally and out of her individual funds, or whether she had paid it as executrix of the estate of her husband and out of the funds of the estate of which she was the sole devisee; and as, under the law, she was entitled and even bound to do. (Inheritance Tax Law, 1911, sec. 1, subd. 4, Stats. 1911, p. 713.) It would seem obvious that had she done this before her death, the amount of this inheritance tax so paid could never have come within the range of consideration as a part of the estate of the devisees of Bethania Dunbar Williams. The mere fact that Bethania Dunbar Williams died before paying the inheritance tax which she was bound to pay as a condition precedent to receiving her interest in the estate of Abram P. Williams as the sole devisee thereof, and which tax was a fixed charge and lien upon her devisable interest in the estate, ought not to change the rule, for the simple reason that in either event her devisees could never be entitled to receive any portion of the said sum of $18,475.03 which had already and before her death been laid hold upon and sequestered by law for the payment of said tax.

The foregoing chain of reasoning is sustained and strengthened by an examination of the Inheritance Tax Law and the cases which have undertaken to construe its terms.

Section 1 of the Inheritance Tax Law requires that the tax shall be imposed upon the transfer of any property by will or by the intestate or homestead laws of the state, and subdi-

vision 4 of the same section provides "that the tax so imposed shall be upon the market value of such property." In a very early case it was held that the universal standard of value for purposes of taxation is the amount of money which can be realized by a sale of the property in the open market. (*State v. Moore,* 12 Cal. 56.) This is also the code rule for admeasuring the value of property in actions for damages for its wrongful conversion. (Civ. Code, secs. 3353, 3354.)

Measured by this rule the market value of property which one receives by inheritance or devise should be the cash price for which it could be sold in the open market; and if this be true it would be idle to argue that the value of a devisee's interest in an estate would not in any sale thereof be discounted to the extent of any outstanding inheritance tax lien against it.

But the Inheritance Tax Law goes further; and in section 15 provides that "In estimating the value of any estate or interest in property, to the beneficial enjoyment or possession whereof there are persons or corporations presently entitled thereto, no allowance shall be made on account of any contingent encumbrance thereon, nor on account of any contingency upon the happening of which the estate or property, or some part thereof or interest therein, may be abridged, defeated, or diminished, provided, however, that in the event of such encumbrance taking effect as an actual burden upon the interest of the beneficiary, or in the event of the abridgement, defeat, or diminution of said estate or property or interest therein as aforesaid, a return shall be made to the person properly entitled thereto of a proportionate amount of such tax on account of the encumbrance when taking effect, or so much as will reduce the same to the amount which would have been assessed on account of the actual duration or extent of the estate or interest enjoyed. Such return of cash shall be made in the manner provided by section 12 hereof upon order of the court having jurisdiction."

Section 12 of the Inheritance Tax Law further provides: "Whenever any debts shall be proven against the estate of a decedent after the payment of legacies or distribution of property from which the said tax has been deducted, or upon which it has been paid, and a refund is made by the legatee, devisee, heir or next of kin, a proportion of the tax so de-

ducted or paid shall be repaid to him by the executor, administrator or trustee, if the said tax has not been paid to the county treasurer or to the state treasurer, or by said county treasurer or said state treasurer, if it has been so paid.''

From these sections of the act the plain implication arises that in making his appraisement of the market value of devised or inherited property the appraiser is to allow for and deduct from the value of such property all ripened liens, fixed charges, and proven debts outstanding against it. This is evidently the view taken by our supreme court in the *Estate of Kennedy*, 157 Cal. 517, [29 L. R. A. (N. S.) 428, 108 Pac. 280], wherein, after a careful review of practically all of the cases cited by respective counsel in their briefs herein, the court says: ''The provisions of our tax act clearly show that the tax imposed thereby is one solely upon the devisee, legatee or heir, and one upon him only as to such property as he actually takes on distribution as devisee, legatee or heir. It would be a most absurd and inequitable provision that imposed a tax on one for the privilege of succeeding as heir, devisee, or legatee to certain property of the decedent where the very property to which he is so held to succeed is lawfully diverted by the probate court to other purposes and can never be distributed to him.''

It would seem to be equally absurd and unjust to refuse to allow for and deduct from the value of the share of the devisee of an estate the amount of an inheritance tax which had been affixed to said property while it was part of a preceding estate, and which was a lien upon it, and which the executor or administrator of the former estate was bound by law to pay, and which could therefore never come into the possession or enjoyment of the devisee.

This was what was done in the present case. We think the order of the court approving the report of the appraiser was erroneous, and should be reversed, with instructions to the court to enter an order assessing and fixing the market value of the property of the appellants subject to the inheritance tax herein, and the amount of such tax to which the same is liable, in conformity with the views expressed in this opinion; and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.