## STATE EX REL. LYNDON A. SMITH v. PROBATE COURT OF HENNEPIN COUNTY.[1]

January 18, 1918.

No. 20,581.

**Inheritance tax — how computed — deduction of Federal tax.**

> The Minnesota inheritance tax is to be computed upon the clear value of the beneficial interest in the property which passes from the decedent to the beneficiaries designated by the will or by the statute, and the Federal inheritance tax is to be deducted from the value of the estate in ascertaining such clear value.

Upon the relation of Lyndon A. Smith, Attorney General, the supreme court granted its writ of certiorari directed to the probate court of Hennepin county and the Honorable John A. Dahl, judge thereof, to review the proceedings in that court allowing $1,016.33, paid as an estate tax under 39 St. 777, as an expense of administration. Affirmed.

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for relator.

No appearance for respondent.

[1] Reported in 166 N. W. 125.

TAYLOR, C.

Writ of certiorari to review the judgment of the probate court of Hennepin county determining the amount of the inheritance tax due to the state from the estate of Victoria E. Linton, deceased. The estate descended in equal shares to the two children of the deceased. The probate court found the value of the estate, deducted therefrom the claims paid and the expenses of administration, and took the balance as the basis for computing the state inheritance tax. The court included the Federal inheritance tax imposed by the act of Congress of September 8, 1916, as an expense of administration, and the sole question presented is whether the court erred in deducting the amount of the Federal tax from the value of the estate before computing the amount of the state tax. Doing so in this case lessened the state tax $25.41.

The statute imposes a tax upon the transfer of property "by will or by the intestate laws" from the person who died possessed thereof, and provides that the tax shall be a specified per centum of the clear value of the beneficial interest in the property which passes to the beneficiaries designated by the will or the statute. G. S. 1913, §§ 2271, 2272. According to the statute the tax is to be computed only upon the clear value of the property, or the interest therein, which actually passes to the beneficiaries; and is not to be computed upon the amounts expended in administrating the estate or in paying proper charges against it. State v. Probate Court of St. Louis County, 138 Minn. 107, 164 N. W. 365.

The Federal tax operated to lessen, by the amount of such tax, the clear value of the beneficial interest which passed to the two children, and the ruling of the probate court was correct.

We think that the claim that the Federal act imposes a tax upon the estate and not upon the transfer to beneficiaries and for that reason is inhibited by the Federal Constitution, is not well founded. True the Federal act differs radically from the Minnesota act, and imposes the tax "upon the transfer of the net estate;"[1] but the net estate, as defined by the act, is the net value of the property left for distribution to the beneficiaries after all proper charges, including all charges imposed by the laws of the jurisdiction, have been paid and deducted.

Judgment affirmed.

[1] [39 St. 777, § 201.]