STATE OF INDIANA *v.* FIRST CALUMET TRUST AND SAVINGS BANK OF EAST CHICAGO, EXECUTOR.

[No. 10,541.   Filed November 26, 1919.]

TAXATION.—*Inheritance Tax.*—*Federal Estate Tax.*—*Deductions.*—
The amount paid under the provisions of the Federal Estate Tax Law of 1916 should be allowed as a reduction of the net estate upon which to base the assessment of inheritance tax under §§10143a *et seq.* Burns 1914, Burns' Supp. 1918, Acts 1913 p. 79, Acts 1917 p. 367.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Proceeding by the State of Indiana against the First Calumet Trust and Savings Bank of East Chicago, Indiana, executor of the estate of Charles W. Hotchkiss, deceased. From a judgment assessing inheritance tax, the state appeals. *Affirmed.*

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

*Elias D. Salsbury, Philo Q. Doran, Frank J. Conboy* and *L. L. Dent,* for appellee.

NICHOLS, C. J.—This action and proceeding is under the Indiana Inheritance Tax Law (Acts 1913 p. 79, §10143a *et seq.* Burns 1914), as amended by act of 1917 (Acts 1917 p. 367, §10143a *et seq.* Burns' Supp. 1918). The inheritance tax appraiser of Laporte county, Indiana, on November 9, 1918, filed in the office of the clerk of Laporte Circuit Court his report of the appraisement of the estate of Charles W. Hotchkiss, deceased, who died testate the owner of property in Laporte county, Indiana, on October 28, 1916. After due notice, at the time fixed the court found that the total gross value of the said estate located in Laporte county was $499,505.64; that there should be deducted as debts, claims and expenses, etc., therefrom $117,069.74, such deduction including the $28,389.71 federal estate tax, leaving a net value for distribution of $382,435.90, and assessed the inheritance tax thereon, less exemptions allowed by law, at a total of $9,574.05. The auditor of state then filed a motion in the Laporte Circuit Court, on behalf of the State of Indiana, for a rehearing and new trial of said cause under and pursuant to §15 of the act of 1913, *supra,* which motion was overruled. Judgment was

then rendered, assessing the inheritance tax upon the transfer of the property of said estate at $9,574.05, and appellee was ordered to pay such sum to the treasurer of Laporte county, Indiana. In such judgment a claim for deductions on account of debts, etc., in the sum of $117,069.74 was allowed and deducted. From this judgment the State of Indiana prosecutes this appeal.

The substantial question presented by appellant is whether the court erred in allowing a deduction from the value of decedent's property, so assessed for inheritance tax, the said sum of $28,389.71, being the federal estate tax paid by appellee to the United States, the question involved being whether the unit of taxation shall be the net value of said estate after the federal estate tax is paid, or the value of said estate before such federal estate tax is deducted. The Federal Estate Tax Law of 1916 is found in 39 U. S. Stat. at L., 64th Congress, part 1, p. 777. Section 201 (§6336½b U. S. Comp. Stat. 1916) of that act provides that a tax be imposed upon the transfer of the *net estate* of any decedent dying after the passage of the act, whether a resident or nonresident of the United States. Section 203 (§6336½d, *supra*) of such act provides that for the purpose of the tax the value of the net estate shall be determined in the case of a resident by deducting from the value of the estate such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwrecks, or other casualties, or from theft, support during the settlement of the estate of those dependent upon the estate, and such other charges against the estate as are al-

lowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, and an exemption of $50,000. Section 208 provides that it is the purpose and intent of the act that, so far as is practicable, and unless otherwise directed by the will of the decedent, the taxes shall be paid out of the estate before its distribution.

It is to be noted that the subtitle of the act is "Estate Tax." From the foregoing it is evident that the tax imposed by the federal government is upon the estate, and that it is payable out of the residue of the estate after deductions therefrom are allowed by the respective jurisdictions. It is a tax imposed upon the transfer by death, and not upon the succession resulting from death, for it is payable out of the estate before its distribution. From the foregoing it is apparent that the unit of taxation under the Federal Estate Tax Law is the net estate after such deductions as are allowed by the jurisdictions in which the estate is located.

Let us now examine the inheritance tax law of the State of Indiana. We should note in the beginning the difference between the title of the Indiana act and the federal act, in this, that the federal act is entitled an "Estate Tax," while the Indiana act is entitled an "Inheritance Tax," the one implying that which is left by the decedent, while the other implies that which is received by the heir. Section 10143a Burns 1914, *supra,* provides that a tax shall be imposed upon any transfer of any property, whether real, personal, or mixed, or any interest therein to any person, and that the tax so imposed shall be upon the market value of such property. Section 10143b, *supra,* pro-

vides a primary rate of taxation upon the clear market value of the beneficial interest that passes, the amount of such primary rate depending upon the relationship to the decedent of the persons entitled to such beneficial interest. Section 10143c, *supra,* provides that, when the amount of the clear market value of any such interest to which any person becomes beneficially entitled is more than $100,000 and less than $500,000, the rate shall be two and a half times the primary rate as provided in §10143b, *supra.* This tax, it will be observed, is not imposed upon the transfer of the estate occasioned by death, but upon the transfer to the legatee or devisee, if the transfer is the subject of a legacy, or devise, or to the heir, if the transfer is the subject of a distribution or descent, and is made upon the clear market value of the interest of such beneficiary; and the beneficiary to whom such interest is transferred, as well as the administrator, executor, or trustee, is personally liable for the payment of such tax. The tax paid to the federal government upon the net estate before distribution cannot in any sense be held to have been any part of the beneficial interest of the respective legatees or distributees, and the market value of such beneficial interest must of necessity be the value after deducting the federal tax, the same having been deducted from the net estate before distribution was made thereof, and it necessarily follows that the state inheritance tax should be computed upon the residue after deducting from the net estate the amount of such federal estate tax. This view of the law is sustained by *People* v. *Pasfield* (1918), 284 Ill. 450, 120 N. E. 286; *State, ex rel.* v. *Probate Court* (1918), 139 Minn. 210, 166 N. W. 125; *Roebling's Estate* (1918),

(N. J. Prerog.) 104 Atl. 295. In each of the states represented by these authorities, the Inheritance Tax Law is similar to the law of Indiana. Appellant calls our attention to the cases of *Knowlton* v. *Moore* (1900), 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969; *Matter of Gihon* (1902), 169 N. Y. 443, 62 N. E. 561, as being cases in principle not different from the instant case, but these cases were each based upon the acts of Congress of 1898, in which act the unit of value was the distributive share or beneficial interest of the person to whom the property was distributed. In this particular there is a marked difference between the act upon which the Gihon and Knowlton cases were based and the acts of 1916, upon which the instant case is based. In the case of *Matter of Sherman* (1917), 179 App. Div. 497, 166 N. Y. Supp. 19, it was held that the Estate Tax Law, which is similar to the law of Indiana relating to taxable transfers, did not contemplate a deduction from the decedent's estate as an expense of administration of the federal estate tax imposed by the act of Congress of 1916 in determining the amount of the state transfer tax, but this holding was reversed by the Court of Appeals of New York (1917), 222 N. Y. 540, 118 N. E. 1078. *In re Week's Estate* (1919), 169 Wis. 316, 172 N. W. 732, a case under a similar statute, is not in harmony with our view of the law, nor with the cases above cited.

The judgment is affirmed.