Old Colony Trust Company, executor, *vs.* Treasurer and Receiver General.

Norfolk.     January 19, 1921. — May 28, 1921.

Present: Rugg, C. J., Braley, De Courcy, Crosby, Pierce, Carroll, & Jenney, JJ.

*Tax*, On successions.

The right of the Commonwealth to the succession tax assessed under G. L. c. 65, § 1, vests at the death of the testator.

Where a will provides, "it is my desire that all inheritance and other taxes on the legacies, devises or distributive shares of my estate, if any, under the laws of the

United States, or of any State thereof, now existing, or which may hereafter come into effect, shall be paid by my Executor out of the *corpus* of my estate," the tax commissioner, before assessing a tax upon the share of the residuary legatee under the will, should deduct all sums paid by the executor

(1) As inheritance taxes levied by other States under their laws upon the rights of the several beneficiaries under the will to succeed to personal and real property therein situated and shares owned by the testator at the time of his death in corporations incorporated under the laws of such States;

(2) As a local tax upon real estate of the testator in another State assessed before the testator's death and not payable until a date which was after his death;

(3) As a federal estate tax assessed under 40 U. S. Sts. at Large, 1096, Title IV.

PETITION under St. 1909, c. 490, Part IV, § 20, filed in the Probate Court on June 15, 1921, by the executor of the will of Charles L. Willoughby, late of Brookline, for the abatement of an additional inheritance tax in the amount of $7,022.54, assessed upon the right of the residuary legatee to the residue of the estate and paid under protest by the petitioner under the provisions of the fourteenth paragraph of the will.

The fourteenth paragraph of the will was as follows: "It is my desire that all inheritance and other taxes on the legacies, devises or distributive shares of my estate, if any, under the laws of the United States, or of any State thereof, now existing, or which may hereafter come into effect, shall be paid by my Executor out of the *corpus* of my estate. It is my desire, (subject to the approval of my said Executor as hereinafter provided) that such inheritance taxes shall be ascertained immediately after my decease; and I hereby direct that if the persons who are then authorized by law to levy such a tax or taxes shall determine that the respective rights and interests created by this Will are presently subject to the payment of such a tax or taxes, and shall fix and levy the same accordingly, then my said Executor may at its option forthwith pay the same as levied out of the *corpus* of my estate, as aforesaid, without questioning the propriety of such determination and levy, and the decision of my said Executor and such payment thereof by it shall be binding and conclusive upon all my heirs, legatees, devisees and beneficiaries under any of the provisions of this will."

The petitioner's contention was that certain deductions, described in the opinion, should have been allowed by the Tax Commissioner before the assessment of the tax. On February 26, 1920, the petitioner had paid a tax which had been assessed after an

allowance of the deductions claimed. On April 1, 1920, the additional assessment was made by the commissioner on the basis described in the opinion, which the petitioner paid under protest and then brought this petition. The petition was heard in the Probate Court by *Flint*, J., upon an agreed statement of facts, and was denied. The petitioner appealed.

The case was argued at the bar in January, 1921, before *Rugg*, C. J., *Braley, Crosby, Pierce, & Jenney*, JJ., and afterwards was submitted on briefs to all the Justices.

*R. L. Dana*, for the petitioner.

*M. Teall*, Assistant Attorney General, for the respondent.

PIERCE, J. Charles L. Willoughby died on January 9, 1919, a resident of Brookline in this Commonwealth. His will and codicil were allowed, and the petitioner was appointed executor thereof by a decree of the Probate Court of Norfolk County on February 26, 1919. The property of the testator at his death was worth approximately $1,527,000 and consisted of real estate in Massachusetts worth $22,000, real estate in Illinois worth $875,000, and securities and other personal property approximately worth $630,-000. The securities included stock in corporations organized under the laws of Illinois, New Jersey and Wisconsin.

As executor, and under the authority conferred upon such person by article 14 of the will, the petitioner paid out of the residue of the estate to the State of Illinois an inheritance tax assessed upon the rights of the several beneficiaries under the will to succeed to real and personal property situated in Illinois; it paid to the State of New Jersey the inheritance tax assessed upon the rights of the several beneficiaries to succeed to certain shares of stock in New Jersey corporations; it paid to the State of Wisconsin the inheritance tax assessed upon the rights of the several beneficiaries to succeed to certain shares of stock in a Wisconsin corporation; it paid to the State of Illinois, or to Cook County in that State, a tax upon the specifically devised real estate in that State, assessed under the Illinois real estate tax law prior to but payable after the death of the testator; and it also paid to the collector of internal revenue at Boston an estate tax assessed under Title IV of the " revenue act of 1918," 40 U. S. Sts. at Large, 1096.

All these taxes were included in an affidavit of debts and expenses filed with the commissioner of corporations and taxation

for the Commonwealth, the executor claiming that all these taxes paid by it from the residue should be treated by the Massachusetts Tax Commissioner as debts and expenses of the estate, and deducted from the residue before the tax due under the Massachusetts inheritance tax law upon the residue of the estate was computed. The commissioner refused to deduct any part of the taxes paid under the inheritance tax laws of Illinois, New Jersey, and Wisconsin, as also fifty-seven and twenty-nine hundredths per cent of the taxes paid upon the Illinois real estate and under the federal estate tax law, this percentage being determined by the proportion which said real estate, amounting in value to $875,000, bore to the testator's total property, amounting in value to $1,527,451.22. The commissioner assessed the Massachusetts inheritance tax upon the residue in accordance with his rulings upon the question of deductions. If those rulings were wrong the sum of $7,022.54 was improperly assessed. The petitioner paid the tax assessed under protest as to the sum of $7,022.54; and in accordance with the provisions of St. 1909, c. 490, Part IV, § 20 (see now G. L. c. 65, § 27), filed its petition for abatement in the Probate Court for the County of Norfolk, and that court decreed that the petition be dismissed. The case is before this court on appeal from the decree of the Probate Court.

The question presented by the appeal is whether the commissioner should have deducted from the estate upon which the tax upon the residue was to be computed, the amounts which the petitioner paid to other States in which the decedent had property at his death, the amount paid the United States under the federal estate tax law, and the whole amount paid of taxes assessed upon foreign real estate when such tax was assessed before but was payable after the death of the testator.

St. 1909, c. 490, Part IV, § 1, formerly St. 1907, c. 563, § 1 (see now G. L. c. 65, § 1), provides that " All property within the jurisdiction of the Commonwealth . . . belonging to inhabitants of the Commonwealth . . . which shall pass by will . . . shall be subject to a tax." St. 1907, c. 563, § 6, St. 1909, c. 490, Part IV, § 6, G. L. c. 65, § 13, in part provide as follows, as respects the value of the property of the estate for taxation: " Except as hereinafter provided, said tax shall be assessed upon the actual value of the property at the time of the death of the decedent." The

phrase of St. 1909, c. 490, Part IV, § 1, " which shall pass by will," marks the time of the vesting of the right, and not the time of its enjoyment in possession, or the time when the property or the amount of the property less debts and charges of administration passes; as it does the time when the tax shall be computed upon the amount of property which has passed. *Callahan* v. *Woodbridge,* 171 Mass. 595. The rights of all parties, including the right of the Commonwealth to its tax, vest at the death of the testator. *Kingsbury* v. *Chapin,* 196 Mass. 533, 538. The statement in *Hooper* v. *Shaw,* 176 Mass. 190, at page 191, " that these words most naturally signify the property which the legatee actually would get were it not for the State tax imposed by the sentence in which the words occur," as pointed out in *Hooper* v. *Bradford,* 178 Mass. 95, 98, is not authority for any contention that the time when the legatee gets possession is the time for the valuation.

As the property passes to the beneficiaries for the purpose of taxation with the death of the testator, and as the tax must be computed on the value of the property after the deduction of all existing lawful charges, debts and expenses of administration, *Hooper* v. *Bradford,* 178 Mass. 95, *Howe* v. *Howe,* 179 Mass. 546, *McCurdy* v. *McCurdy,* 197 Mass. 248, 252, *Pierce* v. *Stevens,* 205 Mass. 219, *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, *Hill* v. *Treasurer & Receiver General,* 227 Mass. 331, it follows that the question whether the inheritance taxes of other States, the local taxes laid on land in foreign States, and the United States estate tax are to be deducted, is resolved into the question whether the several payments were made to relieve the estate from a general charge upon it, to discharge debts or other obligations of the decedent or to defray the legal expenses of administration.

As regards the inheritance taxes imposed by the States of Illinois, New Jersey and Wisconsin, the executor does not claim that they were paid because they were a general estate charge or debts of the decedent, but contends that the payment of them is a proper charge of administration, because the beneficiaries who received the taxed property would have had a claim against it as executor if the property received was reduced in amount by reason of the failure of the executor to pay such taxes in the manner provided by the will of the testator. *Sherman* v. *Moore,* 89 Conn. 190. *Corbin* v. *Townshend,* 92 Conn. 501. It would seem to be

plain, in the absence of the authorization of the will, that the charge upon the succession of the foreign property was a tax which the executor was required to pay in order to reduce that property to possession, for the purpose of administration and distribution, see *Van Beil's Estate,* 257 Penn. St. 155; and equally plain that under the will the executor could not properly leave the burden of the foreign tax to remain where it fell, without a violation of its legal obligation to the beneficiaries. It follows that the refusal of the Commonwealth to deduct the amount paid by the executor, in discharge of the inheritance taxes imposed by other States, was error.

The tax assessed upon land in Illinois, prior to but payable after the death of the testator, was not a charge upon the general estate; nor was it a debt of the testator or of his estate, in the absence of an express statute of which we have no evidence. *Pierce* v. *Boston,* 3 Met. 520. *Appleton* v. *Hopkins,* 5 Gray, 530. *Boston* v. *Turner,* 201 Mass. 190. *New Jersey* v. *Anderson,* 203 U. S. 483. *People* v. *Dummer,* 274 Ill. 637, 643. It was, however, a liability and an obligation of the estate upon which it was assessed, which the owner in his lifetime or the executor of the owner must discharge or suffer if he would save the loss of that property. It would seem to be a matter of indifference whether the procedure of recovery is that of an action *in personam* or *in rem.* In either case the burden of the obligation is a charge of administration. The tax accordingly should have been entirely deducted.

The United States estate tax should have been wholly deducted. In its nature such a tax is a charge upon the net estate transferred by death, and not upon the succession resulting from death. *Hooper* v. *Shaw,* 176 Mass. 190. *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, 475. *Matter of Hamlin,* 226 N. Y. 407. *People* v. *Northern Trust Co.* 289 Ill. 475. *Corbin* v. *Baldwin,* 92 Conn. 99; Ann. Cas. 1918 E 932. *Knight's Estate,* 261 Penn. St. 537. The estate upon the death, is, to the extent of the tax, instantly depleted. *People* v. *Bemis,* 68 Col. 48. *United States* v. *Perkins,* 163 U. S. 625, 630.

The decree of the Probate Court must be reversed, and the cause recommitted for action in accordance with this opinion.

*Ordered accordingly.*