[Civ. No. 11976.   First Dist., Div. Two.   Mar. 26, 1942.]

WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation), as Trustee, etc., Respondent, v. LILY B. OLDER, as Administratrix With the Will Annexed, etc., Appellant.

Charles A. Christin for Appellant.

Martin Minney, Jr., and Heller, Ehrman, White & McAuliffe for Respondent.

STURTEVANT, J.—This action was brought by Wells Fargo Bank & Union Trust Co., one of the trustees of a living trust, for declaratory relief, praying that the court declare whether or not there was any duty upon the plaintiff to pay a federal estate tax liability. The trial court found for the plaintiff, and decreed that the administratrix with the will annexed apply the entire estate of Andreas Bang to the pay-

ment of said federal estate tax liability, and that any balance of said federal estate tax remaining should be paid by the trustees of the living trust created by Andreas Bang. This appeal is from said judgment.

The material facts in this cause are undisputed. On the 17th day of May, 1934, Andreas Bang created a trust, wherein plaintiff, Wells Fargo Bank & Union Trust Co., and Benjamin Older were trustees, and certain relatives of Andreas Bang were beneficiaries. Under the terms of said trust Andreas Bang transferred to the trustees certain personal property having a value of approximately $100,000.

Thereafter, and on the 17th day of May, 1938, Andreas Bang died, and after proceedings duly had, defendant was appointed administratrix with the will annexed of his estate. In said estate proceedings the assets of decedent situated in the state of California were appraised in the sum of $7,370.91. Other estate in a substantial amount is being administered in San Salvador and the probate proceedings in this state are but ancilliary thereto. At the time the instant action was commenced, there was in said estate the sum of $4,072.88 in cash and one hundred shares of stock in Pan-American Life Insurance Company, appraised at $1,300. During the course of the estate proceedings a federal estate tax return was filed, wherein the aforementioned trust was reported, as well as the property constituting the general estate of said Andreas Bang. Thereafter it was determined by the Department of Internal Revenue of the United States that a federal estate tax was due and owing to the United States in the sum of $6,691.23. The United States Treasury Department made demand upon the trustees of said trust and the administratrix with the will annexed of the estate of Andreas Bang for the payment of said tax.

The defendant contends that the trustees should pay all of the tax or that in equity it should have been apportioned. We find no merit in that contention. We have before us a simple matter of statutory construction. The congress has acted (26 U. S. C. A. secs. 800 to 938). In the sections cited full provisions are set forth showing in detail how estates are to be taxed, the manner for computing the tax, and the person on whom the duty rests of paying the tax. That person is specifically designated as the executor. Subdivision (b) of Section 822 provides: "The tax imposed by this subchapter

shall be paid by the executor to the collector.'' If the decedent had desired that the tax should have been paid, in whole or in part, by the trustees he could have expressed that desire in the deed of trust or in his will. He did neither. The same remark applies to the matter of apportioning the tax; and, in that particular, if the congress had so intended it would have so provided. It made an exception as to certain insurance (Sec. 826, subd. (c)); but there it stopped. It will be presumed the congress intended no other exception. (*Bemis* v. *Converse*, 246 Mass. 131 [140 N. E. 686].) For the courts to designate a different procedure is to usurp the powers of the congress or to make additions to the will or deed of trust executed by the decedent.

The federal government is concerned in collecting the tax —and all of it. The statute makes the executor the actor. If the beneficiaries are dissatisfied they can make such contributions among themselves as to them may seem meet and proper. However, they are not entitled to have the courts readjust the responsibilities which the statute has definitely placed.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.