[Civ. No. 16189.   Second Dist., Div. Three.   May 13, 1948.]

Estate of JOSEPH M. ATWELL, Deceased.   THOMAS H. KUCHEL, as State Controller, etc., Respondent, v. EMMA ATWELL, Appellant.

Lawler, Felix & Hall, William T. Coffin and J. Phillip Nevins for Appellant.

James W. Hickey, Chief Inheritance Tax Attorney, Raymond G. LaNoue, Deputy Inheritance Tax Attorney, C. G. Kolts and J. D. Lear, Assistant Deputy Inheritance Tax Attorneys, for Respondent.

VALLÉE, J. pro tem.—The widow of Joseph M. Atwell appeals from an order of the probate court fixing the inheritance tax upon his estate. Atwell died testate on September 30, 1945. His widow is the sole beneficiary named in his will. There is no dispute as to the facts.

The question for decision is whether the limited deduction allowable under the Inheritance Tax Law on account of the

federal estate tax should be deducted, as appellant contends, from the decedent's share of the community property, or, as respondent contends, from the entire community estate. The essentials of the computations of the respective parties make for ready grasp of the problem.

The essentials of respondent's computation, approved by the probate court, are as follows:

| | |
|---|---:|
| Gross estate | $755,081.13 |
| Deductions other than federal estate tax | 23,307.06 |
| Net estate after such deductions | 731,774.07 |
| Federal estate tax deduction | 75,283.47 |
| Net estate after all deductions | $656,491.60 |
| The widow's one-half under Revenue and Taxation Code, section 13551 (b) | $328,245.80 |
| The taxable one-half | $328,245.80 |
| The tax on $328,245.80 | $ 21,312.12 |

The essentials of appellant's computation are as follows:

| | |
|---|---:|
| Gross estate | $755,081.13 |
| Deductions other than federal estate tax | 23,307.06 |
| Net estate after such deductions | $731,774.07 |
| The widow's one-half under Revenue and Taxation Code, section 13551 (b) | $365,887.03 |
| The taxable one-half before federal estate tax deduction | $365,887.04 |
| The federal estate tax deduction | 75,283.47 |
| The net taxable portion | $290,603.57 |
| The tax on $290,603.57 | $ 17,924.32 |

Simply stated, appellant's contention is that one-half of the community property is not subject to any part of the federal estate tax.

The entire net estate was taxed under the federal estate tax law in the same manner as if it had been the separate property of decedent. (44 Stats. 71, 26 U.S.C.A. (Cum. Supp.), § 811 (e) (2).) The federal estate tax paid from the estate was $175,347.38. Under the Inheritance Tax Law the entire federal estate tax is not deductible in determining the net estate subject to inheritance tax. The deduction allowable on account of the federal estate tax is limited to what the federal tax would be if computed on the part of the estate which is subject to inheritance tax. (Rev. & Tax. Code, § 13989.) The deduction allowed on account of the federal estate tax was $75,283.47. It was computed by applying the

federal rates to $365,887.04. This latter amount is one-half of the community estate after deductions other than the federal estate tax. In fixing the inheritance tax on the portion of the estate subject to tax, the allowable deduction on account of the federal estate tax paid was deducted from the entire community estate.

As we have seen, the one-half of the community property which belongs and goes to the widow was computed by respondent by deducting debts, expenses of administration, and the federal estate tax (as limited by Rev. & Tax. Code, § 13989), from the gross value of the estate and dividing the remainder by two. The probate court approved respondent's method of computation and fixed the tax accordingly. Appellant contends that no portion of the federal estate tax should be subtracted from the gross value of the estate, only debts and ordinary expenses of administration, and that then the remainder should be divided by two.

*Estate of Coffee,* 19 Cal.2d 248 [120 P.2d 661], is determinative of the controversy. In the Coffee case, the inheritance tax appraiser in his report added the total value of the estate subject to distribution by the probate court—$141,000—and the value of property held in joint tenancy by decedent and his wife—$68,500—making a total of $209,500. He then deducted therefrom commissions of the executrix, attorneys' fees, debts, expenses of administration, and "the federal estate tax," a total of $22,700. He computed the inheritance tax upon the difference—$186,800—after excluding $60,700 for the widow's share of the community property and deducting her statutory exemption. The widow objected to the report upon the ground that one-half of the community property was no part of the estate of the decedent within the meaning of the Inheritance Tax Law. The probate court sustained her objections and made an order fixing the tax. In computing the tax, as fixed in the order, the probate court took one-half of the value of the community property and added thereto the value of separate property of the decedent and property held in joint tenancy, and deducted therefrom debts, expenses of administration, and "the federal estate tax." The controller appealed. On appeal the widow contended that upon the death of the husband one-half of the community property belongs to the wife and may not be used for any purpose in computing the inheritance tax. The Supreme Court reversed the order, holding, as we read the opinion, that the entire community property was subject to

payment of debts, expenses of administration, and the federal estate tax. The court treated the federal estate tax as an expense of administration. In the opinion it was said (p. 252) : ''It is clear, therefore, that the portion of the community property which belongs to the wife is the one-half which remains after the payment of the husband's debts and the expenses of administration apportioned between the community and separate property in accordance with the value thereof, and this is true even when the husband's share of the community, together with his separate property, is ample to pay those debts and expenses.''

Appellant claims that the Coffee case is not determinative of the question before the court. She says that all that was held in that case was that the widow's share of the community property is one-half of what remains of the community estate after payment from the entire community estate of the debts of the decedent and the ordinary expenses of administration. The answer is that the court treated the federal estate tax as an expense of administration.

An examination of the record on appeal in the Coffee case confirms our view of what the court decided. It discloses that the controller argued that ''The theory of the allowance of deductions is that the amounts so allowed actually reduce the estate which is going to be received by the beneficiaries or transferees. It therefore is proper that the amount of the estate for tax purposes should be reduced by the amount in which the estate is actually reduced. . . . The expenses of administration, including funeral expenses, executor's and attorneys' commissions and federal estate tax deduction, are by statute placed in the same category as debts of the husband, since they also actually reduce the amount which the beneficiaries will really receive,'' citing subsections (b) [now Rev. & Tax. Code, § 13986], (d) [now Rev. & Tax. Code, § 13988], and (e) [now Rev. & Tax. Code, § 13989, providing for the limited federal estate tax deduction] of subdivision (11) of section 2 of the Inheritance Tax Act of 1935, and Probate Code, section 202. He relied for reversal upon those statutes and what is now Revenue and Taxation Code, section 13551. The controller also urged that ''The amount of the federal estate tax deduction should be recomputed if the appellant's contentions are sustained—Since it was determined by the trial court in this matter that the state inheritance tax should be computed as if the wife's half of the community were not subject to any debts of the

decedent, the federal estate tax deduction was computed on the same basis.'' He argued that ''Furthermore, subsection (e) of subdivision (11) of section 2 of the Inheritance Tax Act expressly provides that the federal estate tax deduction is limited to a computation thereof made by the appraiser on his own valuations 'of that portion of such property only, the transfer of which is taxable under the provisions of this act . . .' Therefore, if the deductions are made for the purposes of our act from the entire community and separate property, then the appellant concedes that the other deductions similarly should be made from the entire community and separate property for purpose of determining the federal estate tax deduction. The lower court in its order computed the federal estate tax deduction by taking the other deductions solely from the husband's half of the community and the separate property which gave a figure of $5,253.54. If this court should hold that the deductions are to be taken from the entire community and separate property, then the Controller concedes that the federal estate tax deduction will be correspondingly increased to the figure of $6,353.06.'' He then submitted a computation of the tax based upon deduction of the allowable federal estate tax from the entire community and separate property.

There has been no substantial change in the statutory law since the decision in the Coffee case. The Inheritance Tax Law has been codified as part 8, division 2, of the Revenue and Taxation Code (Stats. 1943, ch. 658, § 1, p. 2297, effective July 1, 1945). The controlling provisions of the Revenue and Taxation Code are sections 13551 and 13989. Revenue and Taxation Code, section 13551 was formerly contained in section 1, subdivision (2) of the Inheritance Tax Act of 1935, as amended. Revenue and Taxation Code, section 13989 was formerly contained in section 2, subdivision (11) of the Inheritance Tax Act of 1935, as amended. (Stats. 1935, ch. 358, as amended Stats. 1941, ch. 177.) ■ Sections 13551 and 13989 are to be construed as restatements and continuations of the prior statutes and not as new enactments. They are to be construed as having the same purpose, object, and meaning. (Rev. & Tax. Code, § 2; *Estate of Childs*, 18 Cal.2d 237, 242 [115 P.2d 432, 136 A.L.R. 333]; *Forestier* v. *Johnson*, 164 Cal. 24, 38 [127 P. 156].)

Independently of the Coffee case, construction of the applicable statutes inevitably leads to the conclusion that

the probate court correctly held that the limited federal estate tax deduction is deductible from the entire community estate and not, as appellant contends, from the decedent's half of the community property after deduction of debts and ordinary expenses of administration.

█ The Internal Revenue Act of 1942 imposed the federal estate tax upon the entire community property held by the decedent and the surviving spouse, with exceptions not material here. (26 U.S.C.A. (Cum.Supp.), § 811 (e) (2); *Fernandez* v. *Wiener,* 326 U.S. 340 [66 S.Ct. 178, 90 L.Ed. 116].) It is an excise and not a property tax. It is a tax upon the surrender of old incidents of the property by the decedent and the acquisition of new ones by the survivor. It is merely measured by the value of the property to which these incidents attach. It does take the survivor's property to pay the tax. (*Fernandez* v. *Wiener, supra.*) Upon the death of the husband, the wife's half of the community property for the first time is brought into her full and exclusive possession and enjoyment, resulting in such an accession to her rights and privileges in respect of the property as to constitute a taxable event. (20 Cal.S.B.J. 394.) The federal statute provides that the estate tax is a lien on the entire community property and that it shall be paid by the executor or administrator. (26 U.S.C.A., §§ 822, 827; *United States* v. *Woodward,* 256 U.S. 632, 635 [41 S.Ct. 615, 65 L.Ed. 1131].)

█ In California the federal estate tax is a charge against the gross estate in the same category as any other charge which the executor or administrator must pay. (*Young Men's Christian Asso.* v. *Davis,* 264 U.S. 47, 51 [44 S.Ct. 291, 68 L.Ed. 558]; *Wells Fargo Bank & U. Tr. Co.* v. *Older,* 50 Cal. App.2d 724 [123 P.2d 873].) The ultimate thrust of the federal estate tax is governed entirely by state law. (*Riggs* v. *Del Drago,* 317 U.S. 95, 98 [63 S.Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131].) █ The inheritance tax is on the "net succession"; that is, it is levied on what the beneficiary receives after lawful burdens and deductions during the course of administration. (*Estate of Hite,* 159 Cal. 392, 394 [113 P. 1072, Ann.Cas. 1912C 1014, 32 L.R.A. N.S. 1167]; *Estate of Miller,* 184 Cal. 674, 679 [195 P. 413, 16 A.L.R. 694]; *Estate of Kennedy,* 157 Cal. 517, 526 [108 P. 280, 20 L.R.A.N.S. 428]; *Estate of Williams,* 23 Cal.App. 285, 289 [137 P. 1067].) In *Young Men's Christian Assoc.* v. *Davis, supra,* referring to beneficiaries named in a will, it was said (p. 51): "These donees do not pay the taxes [federal estate] any more than

they pay the funeral expenses, the lawyers, the executors, and the testator's debts.''

The right to receive property by will or inheritance is not a natural right, but is a creature of the law. (*Estate of Perkins*, 21 Cal.2d 561, 569 [134 P.2d 231]; *Estate of Watkinson*, 191 Cal. 591, 595 [217 P. 1073].) The state may confer the privilege of succeeding to property upon the condition that any portion of the property it specifies shall be contributed to that state. The state may declare that no part of the federal estate tax shall be deducted in computing its inheritance tax. (*Estate of Watkinson, supra*; *Estate of Bowditch*, 189 Cal. 377, 379 [208 P. 282, 23 A.L.R. 735].)

Revenue and Taxation Code, section 13551, which is a part of chapter 3 of the "Inheritance Tax Law" concerning "Community Property," provides: "Upon the death of a husband: (a) At least one-half of the community property is subject to this part. (b) The one-half of the community property which belongs and goes to the surviving wife pursuant to Section 201 of the Probate Code is not subject to this part. (c) All of the community property passing to anyone other than the wife is subject to this part." The "part" referred to in subsections (a) and (b), is part 8, "Inheritance Tax." Respondent repeatedly refers to that portion of the community property which belongs and goes to the surviving wife as "the community property exemption." It is not an exemption in any sense of the word. Whatever the amount may be and however it may be determined, it is simply property which belongs to the surviving wife which is not subject to tax. It does not necessarily follow that because, upon the death of the husband, one-half of the community property which belongs and goes to the wife is not subject to the Inheritance Tax Law, the state is precluded from saying that to determine what constitutes the one-half, the limited federal estate tax deduction shall first be deducted from the entire community estate. The inquiry is to ascertain what constitutes one-half of the community property which belongs and goes to the surviving wife under Probate Code, section 201. Is it one-half of the entire community property severed immediately upon the termination of the community by the death of the husband, or is it one-half of the community property remaining after deduction of debts, expenses of administration, and other lawful charges, including the federal estate tax?

The history of Probate Code, sections 201 and 202 provides the answer to the inquiry. Prior to 1923, Civil Code, section 1401 read: "Upon the death of the wife, the entire community property, without administration, belongs to the surviving husband, except such portion thereof as may have been set apart to her by judicial decree, for her support and maintenance, which portion is subject to her testamentary disposition, and in the absence of such disposition, goes to her descendants, or heirs, exclusive of her husband." Section 1402 then read: "Upon the death of the husband, one-half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband. . . . In case of the dissolution of the community by the death of the husband, the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration." Civil Code, section 1401 was amended in 1923 to read: "Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof, goes to the surviving spouse, subject to the provisions of section one thousand four hundred and two of this code." Civil Code, section 1402 was also amended to read: "Community property passing from the control of the husband, either by reason of his death or by virtue of testamentary disposition by the wife, is subject to administration, his debts, family allowance and the charges and expense of administration. . . ." The amendments of 1923 changed the law of community property in two vital respects only: They gave the wife the right of testamentary disposition as to one-half of the community property, a right she had not had previously; and they made her an heir of the husband as to the remaining community property if he had not disposed of it by will. (*Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351, 354 [26 P.2d 482]; *Estate of Phillips*, 203 Cal. 106, 111 [263 P. 1017].)

Civil Code, sections 1401 and 1402 became Probate Code, sections 201 and 202 in 1931 without substantial change in language. Section 202 reads: "Community property passing from the control of the husband, either by reason of his death or by virtue of testamentary disposition by the wife, is subject to his debts and to administration and disposal under the provisions of Division III of this code; . . ." "Section 201, like its predecessor, is a statute of succession; section

202 is a legislative declaration that 'the community property' is chargeable with the husband's debts and is subject to the general provisions concerning the administration of the property of a decedent.'' (*Estate of Coffee,* 19 Cal.2d 248, 251 [120 P.2d 661].)

The alterations in the statutes throughout their history have not varied the imposition upon the entire community property of the debts of the husband, expenses of administration, and lawful charges against the estate. Prior to 1923 the wording was: ''. . . is equally subject to his debts, the family allowance, and the charges and expenses of administration.'' As amended in 1923, the language was: ''. . . is subject to administration, his debts, family allowance, and the charges and expense of administration.'' And Probate Code, section 202 says: ''. . . is subject to his debts and to administration and disposal under the provisions of Division III of this code.'' Division III is the law of ''Administration of Estates of Decedents.'' It includes section 974, which provides that the federal estate tax ''shall be paid by the executor or administrator out of the estate before its final disposition.''

In *Estate of Miller,* 184 Cal. 674 [195 P. 413, 16 A.L.R. 694], the court quoted with approval from *In re Roebling's Estate,* 89 N.J.Eq. 163, 166, [104 A. 295], where it was said that the federal estate tax ''is payable by the executor as an administration expense.'' The federal estate tax is primarily a charge against the probate estate. (*Wells Fargo Bank & U. Tr. Co.* v. *Older,* 50 Cal.App.2d 724, 725 [123 P.2d 873]; *Edwards* v. *Slocum,* 287 F. 651, 653, aff'd 264 U.S. 61 [44 S.Ct. 293, 68 L.Ed. 564]; *First Nat. Bank of Chicago* v. *Hart,* 383 Ill. 489, 497 [50 N.E.2d 461]; *Farmers' Loan & Trust Co.* v. *Winthrop,* 238 N.Y. 488, 496 [144 N.E. 769], cert. den. 266 U.S. 633 [45 S.Ct. 225, 69 L.Ed. 479].) In *First Nat. Bank of Chicago* v. *Hart, supra,* the court stated (p. 464 [50 N.E.2d]): ''It is sufficient to observe, however, that this State has no provision in its laws relating to the incidence of the burden of Federal estate tax and it must therefore fall directly upon the corpus of the estate and be considered an item of expense, such as debts, funeral expenses, and the like.'' The majority view is that the federal estate tax is an expense of administration. (*Corbin* v. *Townshend,* 92 Conn. 501 [103 A. 647]; *People* v. *Northern Trust Co.,* 289 Ill. 475, 477 [124 N.E. 662, 7 A.L.R. 709]; *State* v. *First Calumet Trust & Savings Bank,* 71 Ind.App. 467, 472 [125 N.E. 200]; *Bing-*

*ham's Adm'r.* v. *Commonwealth,* 196 Ky. 318, 329 [244 S.W. 781]; *Old Colony Trust Co.* v. *Burrell,* 238 Mass. 544, 548 [131 N.E. 321, 16 A.L.R. 689, 693]; *State ex rel. Smith* v. *Probate Court,* 139 Minn. 210 [166 N.W. 125]; *In re Roebling's Estate,* 89 N.J.Eq. 163, 166 [104 A. 295]; *Tax Commr. ex rel. Price* v. *Lamprecht,* 107 Ohio St. 535, 548 [140 N.E. 333, 31 A.L.R. 985, 992]; *In re Knight's Estate,* 261 Pa. 537, 539 [104 A. 765]; 28 Am.Jur. § 3, p. 8, §.250, p. 124.)

In *Corbin* v. *Townshend, supra,* 92 Conn. 501, 505 [103 A. 647], the court, referring to the federal estate tax, said: ''The executor or administrator must pay the tax out of the estate before the shares of the legatees are ascertained. It is an obligation against the estate and payable like any expense which falls under the head of administration expenses. The tax paid is no part of the estate at the time of distribution; it has passed from the estate, and the share of the beneficiaries is diminished by just so much. . . . The payment of the federal tax is an expense of the estate, as much so as any expense of administration. Until this charge is paid the executor cannot receive his discharge, nor can the beneficiary receive his share. *Hooper* v. *Shaw,* 176 Mass. 190, 57 N.E. 361.''

In *Hale* v. *Anglim* (9 Cir.), 140 F.2d 235, 236, where California community property was involved, the court said: ''By the death of appellant's husband the community was dissolved, and half of the *net* community property immediately became the property of appellant. Calif. Prob. Code, sec. 201; *In re Estate of Coffee,* 19 Cal.2d 248, 120 P.2d 661; *In re Estate of King,* 19 Cal.2d 354, 363, 121 P.2d 716.'' (Italics added.)

One-half of the entire community property belongs and goes to the widow upon condition, the condition being that the property lawfully diverted during the course of administration, i.e., necessary for the payment of debts, expenses of administration, the federal estate tax, etc., shall be used for such purposes and shall not go to the widow. The property so lawfully diverted therefor never passes to the widow. (Cf., *Estate of Hite,* 159 Cal. 392, 394 [113 P. 1072, Ann.Cas. 1912C 1014, 33 L.R.A.N.S. 1167].)

▆▆ Appellant argues that application of Revenue and Taxation Code, section 13989 compels the conclusion that the federal estate tax is not to be deducted from the entire community estate. Section 13989 reads: ''Any amount due or paid the Government of the United States as a Federal inheritance or estate tax in the estate of any decedent is de-

ductible from the appraised value of property included in any transfer subject to this part made by the decedent. The amount deductible is limited to an amount computed by the inheritance tax appraiser upon an application of the Federal inheritance or estate tax exemptions and rates (commencing at the primary rates) in force at the date of the decedent's death to that portion of the decedent's property the transfer of which is subject to the tax imposed by this part, and upon his own valuation of that portion.'' The argument is that application of the section involves three separate steps: ''First: The determination of the part of the estate subject to the Inheritance Tax Law; Second: The computation of what the Federal estate tax would be on an estate equivalent to that part; and Third: The deduction of the amount so computed from the part of the estate subject to the Inheritance Tax Law''; that the parties have stipulated that the part of the estate subject to the Inheritance Tax Law consisted of the decedent's half of the net community estate, viz., $365,887.04, and second, that the federal estate tax payable on that amount is $75,283.47; that the third step necessarily follows,—deduction from the part of the estate subject to the Inheritance Tax Law of what the federal estate tax would be on an estate of that amount,—$365,887.04 minus $75,283.47, or $290,603.57. The contention is predicated upon the words ''is deductible from the appraised value of property included in any transfer subject to this part made by decedent,'' found in section 13989. It is said that the deduction is to be made in its entirety from the value of the property ''transferred'' by the decedent; that the property ''transferred'' by the decedent is half of the entire community estate after the deduction of debts and ordinary expenses of administration. The argument is fallacious. It begs the question. It limits the deduction to ''ordinary'' expenses of administration. It assumes that the federal estate tax is not an expense of administration. As we have held, the federal estate tax is an expense of administration of the entire community estate.

If the language of section 13989 ''deductible from the appraised value of property included in any transfer subject to this part made by the decedent'' is held to mean what appellant says it means, the result would be to require that all debts, expenses of funeral and last illness, taxes and assessments, expenses of administration, and certain attorneys' fees, would be deducted only from the husband's half of the

community property. The sections to be referred to are found in article 2 of the Inheritance Tax Law under the heading "Deductions." Each of these sections provides that certain items are "deductible from the appraised value of property included in any transfer subject to this part made by decedent"; section 13983—debts of decedent owed at date of death; section 13986—the funeral and last illness expenses; section 13988—the ordinary expenses of administration in the estate of the decedent; section 13987 says that state, county and municipal taxes and assessments "against the property included in any transfer subject to this part made by the decedent are deductible from the appraised value of the property"; section 13988.1 (1945) says that certain extra attorney's fees "are deductible from the appraised value of the property included in any transfer subject to this part." Appellant concedes that *Estate of Coffee,* 19 Cal.2d 248 [120 P.2d 661], held that debts and expenses of administration are deductible from the entire community estate and not from the decedent's half thereof. If appellant's construction of the words "subject to this part" were accepted, it would be necessary for us to depart from the admitted holding of the Coffee case. Appellant says that this result does not follow because of Revenue and Taxation Code section 13981, which provides: "This article [Article 2—"Deductions"] is a limitation on deductions allowable. It is not intended by this article to allow as a deduction anything that does not actually reduce the amount of an inheritance or transfer." The obvious purpose of this section is to limit allowable deductions to those specified in "Article 2." The inheritance or transfer upon the death of the husband leaving the wife surviving is that part of the husband's half of the community property which is distributed to the wife after deducting one-half of all allowable items. The deduction of the federal estate tax actually reduces the amount of the inheritance or transfer of the husband's half to the wife whether it is deducted from the entire community property or from the husband's one-half.

The parties submitted the controversy to the probate court on a stipulation of facts. Much of appellant's argument is grounded upon the false premise that the parties stipulated "that the part of the estate subject to the Inheritance Tax Law consisted of the decedent's one-half share of the net community estate, viz., $365,887.04." It is asserted that if the part of the estate transferred by the decedent consists of his one-half and it is $365,887.04, then that which belongs

and goes to the widow is the same amount. The assumption is without foundation in the stipulation. The parties stipulated that $75,283.47, the amount allowable as the federal estate tax deduction, was correctly computed on a net estate of $365,887.04. Respondents did not stipulate that the one-half of the community property which belongs to appellant is $365,887.04 (Prob. Code, §§ 201, 202), or that said amount was the one-half of the community property which belongs and goes to appellant (Rev. & Tax. Code, § 13551 (b) ), or that that amount "is subject to this part,"—the Inheritance Tax Law. The stipulation expressly says that the sole issue "is whether the said credit of $75,283.47 should be deducted from the entire net community estate, to wit: $731,774.07 as was done by said Inheritance Tax Appraiser in and by his Report or whether said credit should be deducted from Decedent's one-half of said net community estate, to wit, $365,887.04, as contended by Objector in and by her said Objections." The figure, $365,887.04, as used in the stipulation, was solely a statement of what appellant contended was decedent's one-half of the net community estate.

Appellant leans heavily on *Wittmer* v. *Pemberton*, 188 Wash. 72 [61 P.2d 993, 65 P.2d 218]. In that case the court held that in computing the state inheritance tax the federal estate tax should be deducted from the decedent's half interest in the community estate and not from the community estate as a whole. There was no statute in the state of Washington, at the time, with respect to deductions. The decision as to the deduction of the federal estate tax was based upon the theory that "As the estate tax paid the federal government is a tax upon an inheritance, in a community estate such as that in the case at bar the amount paid the federal government should be deducted from the amount inherited, and not from the community estate as a whole." The decision as to the nature of the federal estate tax is out of line with the decisions of the Supreme Court of the United States and of nearly every court of last resort in the Union. It is *contra* to the opinion in *Estate of Miller*, 184 Cal. 674 [195 P. 413, 16 A.L.R. 694]. At the time of the decision of the Miller case, California did not provide by statute for deduction of any part of the federal estate tax. In the Miller case it was held that the federal estate tax should be deducted, the court saying that it was not a succession tax, but an estate tax, not a tax on what comes to the beneficiaries or heirs. In the Washington case, because

of the absence of statutory law, the court was free to conclude that the federal estate tax should be deducted from the decedent's one-half of the community estate. Here the question is governed by statute. The decision is of no value in the construction of California statutes. (*Grolemund* v. *Cafferata,* 17 Cal.2d 679, 688 [111 P.2d 641]; *Estate of Reynolds,* 169 Cal. 600, 603 [147 P. 268]; *Johnson* v. *Sanches,* 56 Cal.App. 2d 115, 118 [132 P.2d 853]; *Ahlborn* v. *Peters,* 37 Cal.App. 2d 698, 705 [100 P.2d 542].)

It appears that throughout the entire history of the administration of the Inheritance Tax Law in this state the State Controller and the Inheritance Tax Department (Rev. & Tax. Code, §§ 14731, 14732) have deducted the allowable federal estate tax deduction from the entire community property and not from the husband's half thereof. The construction so given the law, while not controlling, is most persuasive of the correctness of our conclusion. As stated in *County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 643 [122 P.2d 526]: "The contemporaneous and practical construction of a statute by those whose duty it is to carry it into effect, while not controlling, is given great respect. (*People* v. *Southern Pacific Co.,* 209 Cal. 578 [290 P. 25]; *Riley* v. *Thompson,* 193 Cal. 773 [227 P. 772]; *Riley* v. *Forbes,* 193 Cal. 740 [227 P. 768]; 23 Cal.Jur. 775, sec. 151.) As was said in *United States* v. *Philbrick,* 120 U.S. 52, 59 [7 S.Ct. 413, 30 L.Ed. 559]: 'A contemporaneous construction by the officers upon whom was imposed the duty of executing those statutes is entitled to great weight; and since it is not clear that that construction was erroneous, it ought not now to be overturned.'"

We conclude that the probate court was correct in deducting the limited allowable federal estate tax deduction from the entire community property before the computation of the inheritance tax.

Order affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied June 10, 1948, and appellant's petition for a hearing by the Supreme Court was denied July 8, 1948. Edmonds, J., and Schauer, J., voted for a hearing.